**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

JOAN LOUW-DEFAZIO; and
DANIEL CONCANNON; individually
and on behalf of all others similarly
situated,

       Plaintiff,

v.

AVVO, INC.,

       Defendant.

CASE NO.  25-868

**COMPLAINT—CLASS ACTION**

(JURY TRIAL DEMANDED)

On behalf of themselves and all others similarly situated, Plaintiffs Joan Louw-DeFazio and Daniel Concannon complain and allege as follows based on personal knowledge as to themselves, the investigation of their counsel, and information and belief as to all other matters, and demand trial by jury.  Plaintiffs believe that substantial evidentiary support will exist for the allegations in this complaint, after a reasonable opportunity for discovery.

**NATURE OF THE CASE**

1.    This case is about upholding the rights of over one million Americans who have never interacted with Defendant Avvo, Inc. but who have nonetheless

    - 1 -

had their names and other personally identifying information misappropriated and used by Defendant to advertise and promote its own products and services.

2.    Defendant has built a lucrative business by misappropriating the names and identities of nearly every licensed attorney in the United States.  Defendant has created, published, and disseminated over one million attorney "profile" pages, each one of which centers around the personal identity of one lawyer.  On each attorney "profile" page, Defendant uses the name, identity, and personally identifying information of one attorney to advertise its own products and services.

3.    To maximize the revenue it generates from its products and services, Defendant misappropriates the name and identity of every lawyer whose personal information it has amassed in its database—all without asking for, let alone obtaining consent from, any of those attorneys.

4.    The right of publicity statutes of Washington, California, and Illinois clearly prohibit what Defendant has done.

5.    Washington's Personality Rights Act ("WPRA") prohibits companies like Defendant from using a person's "name, voice, signature, photograph, or likeness" for purposes of "advertising products, merchandise, goods, or services," without having first obtained that person's consent.  *See* RCW 63.60.050.

6.    The California Right of Publicity Law ("CRPL") provides that "Any person who knowingly uses another's name, voice, signature, photograph, or

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 2 -

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent . . . shall be liable for any damages sustained by the person or persons injured as a result thereof."  Cal. Civ. Code § 3344.

7.    The Illinois Right of Publicity Act ("IRPA") establishes the "right to control and to choose whether and how to use an individual's identity for commercial purposes."  765 ILCS 1075/10.  It provides that "A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person . . . ."  765 ILCS 1075/30.  It defines an "identity" as "any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener, including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice."  765 ILCS 1075/5.

8.    The WPRA, CRPL and IRPA are herein collectively referred to at times as the "Right of Publicity Statutes."

9.    As alleged herein, Defendant, from its corporate headquarters and principal place of business in Seattle, Washington, has systematically used Plaintiffs' and over a million other Americans' names and corresponding personally identifying information in advertisements for its products and services, and

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 3 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

disseminated those advertisements in and from Washington state, without having ever obtained consent to do so—in clear violation of the Right of Publicity Statutes.

10.    Accordingly, Plaintiffs bring this action, individually and on behalf of the proposed classes defined below, to redress and put a stop to Defendant's violations of the Right of Publicity Statutes.

## PARTIES

11.    Defendant Avvo Inc. ("Defendant") is a Washington corporation that maintains its headquarters and principal place of business in Seattle, Washington. Defendant owns and operates the website Avvo.com (the "Website"), where it advertises and sells, from its headquarters and principal place of business in Seattle, Washington, products and services to persons throughout the United States. Defendant is registered to do business in the state of Washington and may be served through its registered agent, Corporation Service Company, at 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, Washington 98501.

12.    Plaintiff Joan Louw-DeFazio is a natural person and is a resident of Temecula, California.

13.    Plaintiff Dan Concannon is a natural person and is a resident of Rockford, Illinois.

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

## JURISDICTION AND VENUE

14.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (i) at least one member of the putative class is a citizen of a state different from the Defendant, (ii) the amount in controversy exceeds $5,000,000 with respect to the putative class, exclusive of interest and costs, and (iii) there are at least 100 members of the putative class.

15.    Personal jurisdiction and venue are proper because Defendant is a Washington corporation and maintains its corporate headquarters in Seattle, Washington, which is within this judicial District.

## APPLICABLE STATUTORY SCHEME

### I.    Washington Personality Rights Act

16.    The WPRA defines a relevant property right in the use of several characteristics associated with one's identity: "Every individual or personality has a property right in the use of his or her name, voice, signature, photograph, or likeness." *See* RCW 63.60.010.

17.    The WPRA specifies that it is "intended to apply to all individuals and personalities, living and deceased, regardless of place of domicile or place of domicile at time of death." *Id*.

18.    The WPRA prohibits companies like Defendant from, *inter alia*, publicly using an individual's "name, voice, signature, photograph, or likeness" for

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 5 -

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

purposes of "advertising products, merchandise, goods, or services," without having first obtained the individual's consent. *See* RCW 63.60.050.

19.    The WPRA provides for, *inter alia*, statutory damages of $1,500.00 per violation of the statute and injunctive relief. *See* RCW 63.60.060.

20.    As explained below, Defendant disregarded its legal responsibilities to Plaintiffs and over a million other Americans by systematically using their names and corresponding personally identifying information to advertise its products and services, without any of their consent, and in direct violation of the Right of Publicity Statutes.

## II.    California Right of Publicity Law

21.    Recognizing the need to protect its citizens' rights of publicity, the California legislature enacted the CRPL to establish a right to control the use of one's name and likeness, among other identifying attributes, in commercial advertising.

22.    The CRPL prohibits companies like Defendant from, *inter alia*, using an individual's name or likeness, in any manner, to advertise or sell, or solicit purchases of, products or services. Specifically, Section (a) of the CRPL states, in pertinent part:

CLASS ACTION COMPLAINT
CASE NO. 25-868

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

> Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof.

Cal. Civ. Code § 3344(a).

23.    The CRPL provides for, *inter alia*, statutory damages of $750.00 per violation, as well as any profits attributable to the unauthorized use of the person's name or likeness. *See id.* § 3344(a).

24.    As explained below, Defendant disregarded its legal responsibilities to Plaintiff Carrera and millions of other California residents by using their names and other personally identifying information to advertise and promote, and to solicit sales of, subscriptions to its platform, without any of their consent—in direct violation of the CRPL.

**III.    Illinois Right of Publicity Act**

25.    The IRPA prohibits companies like Defendant from, *inter alia*, publicly using or holding out an individual's identity, such as their name, likeness, or other personally identifying attribute, in connection with the sale or offering for sale of a product, good, or service. *See* 765 ILCS 1075/5, 30(a). Specifically, Section 30 of the IRPA states, in pertinent part:

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 7 -

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

> A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons specified in Section 20 of this Act or their authorized representative.

765 ILCS 1075/30(a).

26.    The IRPA defines "identity" as "an attribute of an individual that serves to identify the individual to an ordinary, reasonable viewer, or listeners including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice."  765 ILCS 1075/5.

27.    The IRPA defines "commercial purpose" as, *inter alia*, "the public use or holding out of an individual's identity . . . on or in connection with the offering for sale or sale of a product, merchandise, goods, or services," or "for purposes of advertising or promoting products, merchandise, goods, or services[.]"  765 ILCS 1075/5.

28.    The IRPA provides for, *inter alia*, statutory damages of $1,000.00 per violation of the statute, as well as punitive damages for willful violations.  *See* 765 Ill. Comp. Stat. 1075/40.

29.    As explained below, Defendant disregarded its legal responsibilities to Plaintiff Concannon and many other Illinois residents by using their names, identities, and other personally identifying information to sell, offer to sell,

advertise, and promote its products and services, without any of their consent—in direct violation of the IRPA.

## FACTUAL BACKGROUND

30.    As the operator of the "world's largest online legal directory," Defendant has built a lucrative business centered around an attorney referral platform and a suite of marketing tools designed for lawyers.[1]

31.    Defendant has compiled a vast database of the names and personally identifying information of nearly all attorneys licensed to practice law in the United States.  According to Defendant, 97% of US lawyers appear on its Website.[2]

32.    Defendant built this database by scraping data from local bar associations' websites and other internet sources.  At least one bar association has formally requested that Defendant cease its data scraping operations.[3]

33.    Defendant uses the names, identities, images, and personal details of the attorneys in their database to advertise its own products and services.  Defendant does so by publishing and disseminating over one million attorney "profile" pages on the Website.  Each such "profile" page features the name, identity, and

---

[1] Avvo, "Find a Lawyer widget," available at https://www.avvo.com/partner_with_us/widgets/find_a_lawyer.
[2] Avvo, "About Avvo," available at https://www.avvo.com/about_avvo.
[3] Kim Hart, Washington Post, "Web Directory of Attorneys Upsets D.C. Bar," (March 9, 2009), available at https://www.washingtonpost.com/wp-dyn/content/article/2009/03/08/AR2009030801530.html?sid=ST2009030801696.

CLASS ACTION COMPLAINT
CASE NO. 25-868

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

personally identifying details of one attorney and advertises Defendant's own products and services, including its attorney referral platform and marketing tools.

34.     Defendant has conducted these activities from its headquarters in Seattle, Washington.  Defendant designed the Website, scraped the information from bar association websites and other internet sources, and programmed and published the relevant attorney "profile" pages from Washington state.  Defendant further disseminated those attorney "profile" pages (including the misappropriated attorney names, personally identifying information, and advertisements for Defendant's own products and services) in Washington state.

I.     **Defendant's Products and Services Include: (1) an Attorney Referral Platform and (2) a Suite of Marketing Tools**

35.     Defendant's business consists of two related lines of products and services provided through the Website (www.avvo.com).

36.     *First*, Defendant offers an attorney referral platform.  The attorney referral platform enables internet users to search for attorneys providing certain services and connect directly with those attorneys.  The attorney referral platform is prominently featured on the homepage of the Website:[4]

---

[4] Avvo, "Avvo.com – Legal. Easier," available at www.avvo.com.

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

1
2
3
4
5
6
7
8
9



10        37.    Through the attorney referral platform, users can search for attorneys

11  and book consultations with them.  This screenshot from the Website describes the

12  attorney referral platform:[5]

13
14
15
16
17
18
19
20
21
22
23

---

[5] *Id.*

CLASS ACTION COMPLAINT
CASE NO. 25-868

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

1
2
3
4
5
6
7
8
9
10



11

12    38.    As part of the attorney referral platform, Defendant offers a self-

13  described "concierge service."    This service is branded "Chat with Avvo."    As

14  described on the Website, "Chat with Avvo" allows consumers to "chat with a live

15  agent, tell them what you need, and get connected with an attorney in your area"[6]:

16
17
18
19
20
21
22
23

---

[6] *Id.*

CLASS ACTION COMPLAINT
CASE NO. 25-868

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

1
2
3
4
5
6
7
8
9



10    39.    Through the attorney referral platform, Defendant connects consumers

11 of legal services to practicing attorneys.

12    40.    Defendant makes money by using the leads generated through the

13 attorney referral platform to attract lawyers to sign up for Defendant's second line

14 of services: a suite of marketing tools designed for attorneys.

15

16    41.    *Second*, Defendant offers a suite of marketing tools for attorneys.

17    42.    Defendant's suite of marketing tools enables attorneys to obtain

18 customer referrals through the attorney referral platform that Defendant operates on

19 the Website.[7]

20
21
22
23

---

[7] Avvo, "Pricing – Avvo," available at https://www.avvo.com/for-lawyers/pricing.

CLASS ACTION COMPLAINT
CASE NO. 25-868
- 13 -
**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

43.    Attorneys who have not signed up for Defendant's suite of marketing tools cannot obtain customer referrals through Defendant's attorney referral platform.

44.    Subscriptions to Defendant's suite of marketing tools begin at $399 per month.[8]

## II.    Defendant Uses Plaintiffs' and the Putative Class Members' Names to Advertise Its Own Products and Services

45.    Defendant has created, published, and disseminated over one million attorney "profile" pages which use individual lawyers' names and identities—and sometimes their images—to advertise both Defendant's attorney referral platform and its suite of marketing tools.

46.    Each attorney "profile" page uses the name, identity, and personally identifying details of one lawyer to advertise Defendant's products and services.

47.    Defendant's products and services advertised on each attorney "profile" page include: (1) Defendant's attorney referral platform; and (2) Defendant's suite of marketing tools.

48.    Defendant never requested nor obtained consent from any of the attorneys whose names, identities, and other personal details it has misappropriated on these attorney "profile" pages prior to publishing and disseminating the pages.

---

[8] Martindale-Avvo, "Pricing – Martindale Avvo," available at https://www.martindale-avvo.com/pricing/. MH Sub I, LLC d/b/a Internet Brands is the corporate entity which owns Defendant and sells Defendant's suite of marketing services under, in part under the Martindale-Avvo brand.

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 14 -

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

49. Defendant publishes and disseminates the attorney "profile" pages from its headquarters in Washington state, and further disseminates those pages within Washington state.

50. Defendant publishes and disseminates the attorney "profile" pages within California.

51. Defendant publishes and disseminates the attorney "profile" pages within Illinois.

## A. Plaintiff Louw-DeFazio's Profile Page

52. The attorney "profile" page created by Defendant regarding Plaintiff Louw-DeFazio ("Plaintiff Louw-DeFazio's Profile Page") is representative of the over one million similar such pages published on the Website.[9]

53. Like the million-plus other "profile" pages created, published, and disseminated by Defendant, Plaintiff Louw-DeFazio's Profile Page uses her name and personally identifying information to advertise Defendant's products and services.

54. Plaintiff Louw-DeFazio has never registered for Defendant's Website nor provided Defendant consent to use her name or identity in any manner, much less for the commercial purpose of advertising Defendant's products and services.

---

[9] *See* Avvo, "Joan Louw-Defazio – Lawyer in Temecula, CA - Avvo," available at
https://www.avvo.com/attorneys/92592-ca-joan-louwdefazio-163157.html.

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

55.    As shown in the screenshot below, Plaintiff's Louw-DeFazio's Profile Page prominently displays her name and address at the top of the page[10]:



56.    As shown above, this portion of Plaintiff Louw-DeFazio's Profile Page contains numerous statements and links advertising Defendant's suite of marketing services, including buttons stating "Grow your practice" and "Claim Profile."

57.    Clicking on the "Grow your practice" button routes users directly into Defendant's sales pipeline.  Specifically, it brings users to a page entitled "Lawyer Marketing – Avvo," which states "Claim Your Avvo Profile.  Avvo delivers $8

---

[10] *Id.* (circles added for emphasis).

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 16 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

billion in revenue to lawyers annually," among many other testaments to the value of Defendant's suite of marketing products, as pictured below[11]:



[11] Avvo, "Lawyer Marketing – Avvo," available at https://www.avvo.com/for-lawyers.

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

58.     The "Lawyer Marketing – Avvo" page also states: "When you're a part of Avvo, you're a part of Martindale-Avvo, the largest network of brands serving over 25 million consumers looking for legal help every month. Our expanded services range from profiles to lead generation, advertising, websites, social media management and even proprietary research and articles that help you grow your business."[12]

59.     The "Lawyer Marketing – Avvo" page also includes a button which states "Contact sales."   When clicked, this button brings users deeper into Defendant's sales pipeline to a page where they can set up a call with a sales representative.[13]

60.     Clicking on the "Claim Profile" button on Plaintiff Louw-DeFazio's Profile Page routes users to a page which advertises the benefits of Defendant's suite of marketing services, including statements such as "**Control your online reputation.**  Updating your profile improves the accuracy of your resume and your Avvo Rating." and "**Grow your business.**  Connect with the millions of people searching for legal help on Avvo every month."[14]

---

[12] *Id.*
[13] *Id.* (linking to Avvo, "Contact Sales – Avvo," available at https://www.avvo.com/for-lawyers/contact-sales).
[14] Avvo, "Claim your free Avvo profile," available at https://www.avvo.com/claim_profile/claim/4230987.html (emphasis in original).

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 18 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

61.     Clicking on the "Sign in" button routes users to a page where they are invited to "Sign up" for Defendant's Website.[15]

62.     Further down, Plaintiff Louw-DeFazio's Profile Page contains more information about Plaintiff Louw-DeFazio and additional advertisements for Defendant's own products and services[16]:

---

[15] Avvo, "Sign in – Avvo," available at https://www.avvo.com/account/login.
[16] Avvo, "Joan Louw-Defazio – Lawyer in Temecula, CA - Avvo," available at https://www.avvo.com/attorneys/92592-ca-joan-louwdefazio-163157.html.

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107



63.    As shown above, this section of the page includes a section entitled "About Joan."

64.    Immediately below the "About Joan" section is a promotion for Defendant's attorney referral platform.  The left-hand panel of the promotion asks

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 20 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

"Looking for an attorney?"  It then states: "Avvo can help."  It invites visitors to "Search our directory" and includes a button stating "Start My Search"[17]:



65.    The right-hand panel promotes Defendant's "Chat with Avvo" service and explains that "Avvo's live chat agents can help coordinate a consultation with a local attorney[,]"[18]:

---

[17] Avvo, "Joan Louw-Defazio – Lawyer in Temecula, CA - Avvo," available at https://www.avvo.com/attorneys/92592-ca-joan-louwdefazio-163157.html.
[18] *Id.*

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 21 -

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107



66.    Further down, Plaintiff Louw-DeFazio's Profile Page displays more of Plaintiff Louw-DeFazio's personally identifying details, including her address and a map depicting the location of her address[19]:

_____

[19] *Id.*

1
2
3
4
5
6
7
8
9
10
11
12
13



14      67.    As shown above, this section of Plaintiff Louw-DeFazio's Profile Page

15  also displays an "Ad" for Defendant's attorney referral platform.   As shown,

16  Defendant's Website itself describes this as an "Ad."   The "Ad" promotes

17  Defendant's attorney referral platform.   It says: "Transform legal challenges into

18  solutions" and "Connect now to review your situation."[20]:

19
20
21
22
23

[20] Avvo, "Joan Louw-Defazio – Lawyer in Temecula, CA - Avvo," available at https://www.avvo.com/attorneys/92592-ca-joan-louwdefazio-163157.html.

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107



68.    In these ways, Defendant uses Plaintiff Louw-DeFazio's name, identity, and personally identifying information to advertise its own products and services on Plaintiff Louw-DeFazio's Profile Page.

69.    As shown above, Defendant uses Plaintiff Louw-DeFazio's name, identity, and other personally identifying information to advertise its attorney referral platform on Plaintiff Louw-DeFazio's Profile Page, including through the placement of the dual-panel advertisement and the "Ad" for the platform on the page.

70.    As shown above, Defendant uses Plaintiff Louw-DeFazio's name, identity, and other personally identifying information to advertise its suite of marketing services on Plaintiff Louw-DeFazio's Profile Page, including through the placement of buttons stating "Grow your practice" and "Claim Profile" on Plaintiff Louw-DeFazio's Profile Page.

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 24 -

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

71.    Plaintiff Louw-DeFazio's Profile Page is representative of the over one million attorney "profile" pages designed, published, and disseminated by Defendant from Defendant's corporate headquarters in Washington state.

72.    Defendant never requested nor obtained consent from Plaintiff Louw-DeFazio to use her name, identity, or personally identifying information to advertise its own products and services.

73.    Defendant published and disseminated Plaintiff Louw-DeFazio's Profile Page and the over one million other attorney "profile" pages in California.

### B.    Plaintiff Daniel Concannon's Profile Page

74.    The attorney "profile" page created by Defendant regarding Plaintiff Daniel Concannon ("Plaintiff Concannon's Profile Page") is representative of the over one million similar such pages published on the Website.[21]

75.    Like the million-plus other "profile" pages created, published, and disseminated by Defendant, Plaintiff Concannon's Profile Page uses his name and personally identifying information to advertise Defendant's products and services.

76.    Plaintiff Concannon has never registered for Defendant's Website nor provided Defendant consent to use his name or identity in any manner, much less for the commercial purpose of advertising Defendant's products and services.

---

[21] *See* Avvo, "Daniel Concannon – Lawyer in Rockford, IL - Avvo," available at https://www.avvo.com/attorneys/61108-il-daniel-concannon-1944434.html.

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

77.     As shown in the screenshot below, Plaintiff's Concannon's Profile Page prominently displays his name and his address at the top of the page[22]:



78.     As shown above, this portion of Plaintiff Concannon's Profile Page contains numerous statements and links advertising Defendant's suite of marketing services, including buttons stating "Grow your practice" and "Claim Profile."

79.     Clicking on the "Grow your practice" button routes users directly into Defendant's sales pipeline.  Specifically, it brings users to a page entitled "Lawyer Marketing – Avvo," which states "Claim Your Avvo Profile.  Avvo delivers $8 billion in revenue to lawyers annually," among many other testaments to the value of Defendant's suite of marketing products.[23]

---

[22] *Id.* (circles added for emphasis).
[23] Avvo, "Lawyer Marketing – Avvo," available at https://www.avvo.com/for-lawyers.

CLASS ACTION COMPLAINT
CASE NO. 25-868                                     - 26 -                    HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

80.    The "Lawyer Marketing – Avvo" page also states: "When you're a part of Avvo, you're a part of Martindale-Avvo, the largest network of brands serving over 25 million consumers looking for legal help every month. Our expanded services range from profiles to lead generation, advertising, websites, social media management and even proprietary research and articles that help you grow your business."[24]

81.    The "Lawyer Marketing – Avvo" page also includes a button which states "Contact sales." When clicked, this button brings users deeper into Defendant's sales pipeline to a page where they can set up a call with a sales representative.[25]

82.    Clicking on the "Claim Profile" button routes users to a page which advertises the benefits of Defendant's suite of marketing services, including statements such as "**Control your online reputation.** Updating your profile improves the accuracy of your resume and your Avvo Rating." and "**Grow your business.** Connect with the millions of people searching for legal help on Avvo every month."[26]

---

[24] *Id.*
[25] *Id.*
[26] Avvo, "Claim your free Avvo profile," available at https://www.avvo.com/claim_profile/claim/4230987.html (emphasis in original).

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

83.    Clicking on the "Sign in" button routes users to a page where they are invited to "Sign up" for Defendant's Website.[27]

84.    Further down, Plaintiff Concannon Profile Page contains more information about Plaintiff Concannon as well as additional advertisements for Defendant's own products and services[28]:

---

[27] Avvo, "Sign in – Avvo," available at https://www.avvo.com/account/login.
[28] Avvo, "Daniel Concannon – Lawyer in Rockford, IL - Avvo," available at https://www.avvo.com/attorneys/61108-il-daniel-concannon-1944434.html.

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107



85.     Immediately below the "About Daniel" section is a promotion for Defendant's attorney referral service, as pictured above.

86.     The left-hand panel of the promotion advertises Defendant's attorney referral platform.  It displays asks "Looking for an attorney?"  It then states: "Avvo

CLASS ACTION COMPLAINT
CASE NO. 25-868

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

can help." It invites visitors to "Search our directory" and includes a button stating

"Start My Search"[29]:



87.    The right-hand panel of the promotion similarly advertises

Defendant's attorney referral program, including its "Chat with Avvo" service and

explains that "Avvo's live chat agents can help coordinate a consultation with a

local attorney"[30]:

---

[29] Avvo, "Daniel Concannon – Lawyer in Rockford, IL - Avvo," available at
https://www.avvo.com/attorneys/61108-il-daniel-concannon-1944434.html.

[30] e Avvo, "Daniel Concannon – Lawyer in Rockford, IL - Avvo," available at
https://www.avvo.com/attorneys/61108-il-daniel-concannon-1944434.html.

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107



88.    Further down, Plaintiff Concannon's Profile Page displays more of Plaintiff Concannon's personally identifying details, including his address and a map depicting the location of his address[31]:

---

[31] *Id.*

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 31 -

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23



CLASS ACTION COMPLAINT
CASE NO. 25-868

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

89.    As shown above, this portion of Plaintiff Concannon's Profile Page also displays an "Ad" for Defendant's attorney referral platform.  Defendant's Website itself describes this as an "Ad."  The "Ad" is an advertisement for Defendant's attorney referral platform.  It says: "Transform legal challenges into solutions" and "Connect now to review your situation."[32]:



90.    In these ways, Defendant uses Plaintiff Concannon's name, identity, and personally identifying information to advertise its own products and services on Plaintiff Concannon's Profile Page.

91.    Defendant uses Plaintiff Concannon's name, identity, and other personally identifying information to advertise its attorney referral platform on Plaintiff Concannon's Profile Page, including through the placement of the dual-panel advertisement and the "Ad" for the attorney referral platform.

---

[32] Avvo, "Daniel Concannon – Lawyer in Rockford, IL - Avvo," available at https://www.avvo.com/attorneys/61108-il-daniel-concannon-1944434.html.

92.    Defendant uses Plaintiff Concannon's name, identity, and other personally identifying information to advertise its suite of marketing services on Plaintiff Concannon's Profile Page, including through the placement of buttons stating "Grow your practice" and "Claim Profile."

93.    Plaintiff Concannon's Profile Page is representative of the over one million attorney "profile" pages published and disseminated by Defendant in and from Defendant's corporate headquarters in Washington state.

94.    Defendant never requested or obtained consent from Plaintiff Concannon to use his name, identity, or personally identifying information to advertise its own products and services.

95.    Defendant designed, coded, built, developed, published, and disseminated Plaintiff Concannon's Profile Page and the over one million other attorney "profile" pages in Washington state, and further disseminated Plaintiff Concannon's Profile Page and the over one million other attorney "profile" pages in Washington state.

96.    Defendant published and disseminated Plaintiff Concannon's Profile Page and the over one million other attorney "profile" pages in Illinois.

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

**III.    Defendant Uses Plaintiffs' and the Class Members' Names in Search Engine Optimization Techniques on their "Profile" Pages to Advertise Its Products and Services**

97.    Defendant intentionally uses Plaintiffs' names and the names of over one million other attorneys to optimize the attorney "profile" pages to rank highly in search engine results and to advertise Defendant's own products and services.

98.    Specifically, Defendant implemented search engine optimization techniques on each of the attorney "profile" pages to ensure the pages rank highly in search engine results whenever a user input searches for the name of the attorney to which any "profile" page corresponds.    Defendant does this in the following ways:

- **Placing the attorney's name in the page's URL.**    For example, Plaintiff Louw-DeFazio's name appears in the URL for Plaintiff Louw-DeFazio's Profile Page:

> avvo.com/attorneys/92592-ca-joan-louwdefazio-163157.html

- **Placing the attorney's name the page's title.**    For example, Plaintiff Louw-DeFazio's name appears in the page title for Plaintiff Louw-DeFazio's Profile Page, which is entitled "Joan Louw-DeFazio – Lawyer in Temecula, CA – Avvo":

**HEDIN LLP**
1395 Brickell Ave.,
Suite 1140
Miami, Florida 33131
Phone: (305) 357-2107



This page title is reflected in the following line of Plaintiff Louw-DeFazio's Profile Page's html source code: <title> Joan Louw-DeFazio – Lawyer in Temecula, CA – Avvo </title>

- **Placing the attorney's full name on the page multiple times.** For example, the words "Joan Louw-DeFazio" appear on Plaintiff Louw-DeFazio's Profile Page three separate times.

- **Placing the attorney's name in the pages headers.**[33] For example, Plaintiff Louw-DeFazio's name appears in the first-level "header" on Plaintiff Louw-DeFazio's Profile Page:

---

[33] *See* Amelia Willson, Search Engine Journal, *How To Use Header Tags: SEO Best Practices* (May 31, 2024), available at https://www.searchenginejournal.com/on-page-seo/header-tags/.

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 36 -

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107



This is placement of her name in the first-level header is reflected in the following line of the page's source code: <h1 class="profile-name">Joan Louw-Defazio</h1>

Plaintiff Louw-DeFazio's name also appears in the second-level "headers" on Plaintiff Louw-DeFazio's Profile Page, as pictured in the first header below:

Joan Louw-Defazio's Reviews

This is first header is reflected in the following line of the page's source code: <h1 class="profile-name">Joan Louw-Defazio</h1>.

Plaintiff Louw-DeFazio's name also appears in the second "header" on the page, as pictured below:

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

| Joan Louw–Defazio's Lawyer Endorsements |

This is second header is reflected in the following line of the page's source code: <h2> Joan Louw-Defazio's Lawyer Endorsements </h2>.

- **Placing the attorney's name in the 'description' meta tag of the page's source code.**  This technique ensures that search engines pick up the name when indexing pages and displaying results displayed in response to queries which include the name.[34]  The 'description' meta tag is reflected in the following line of the source code on Plaintiff Louw-DeFazio's Profile Page:

  <meta name="description" content="Find California attorney Joan Louw-Defazio in their Temecula office. Find reviews, educational history and legal experience.">

- **Placing the attorney's name in schema.org descriptors.**  Including the names in schema.org descriptors embedded in the page's source code ensures that search engines recognize the attorneys' name as

---

[34] *See* Google Search Central, *Meta Tags and Attributes that Google Supports*, available at https://developers.google.com/search/docs/crawling-indexing/special-tags (explaining "meta tags are HTML tags used to provide additional information about a page to search engines and other clients.") (also stating with respect to the 'description' meta tag: "Use this tag to provide a short description of the page. In some situations, this description is used in the snippet shown in search results.").

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

names, and are able to calibrate search engine results accordingly.[35] The schema.org descriptors are reflected in the following line of the source code on Plaintiff Louw-DeFazio's Profile Page:

{"@context":"https://schema.org","@type":"LocalBusiness","name":" Joan Louw-Defazio"

99.    Through each of these techniques, Defendant intends to optimize the ranking of the attorney "profile" pages in search engine results (e.g., in the results generated by a query on google.com) when any user searches for the name of any individual for whom Defendant has built an attorney "profile" page.

100.    Defendant thereby intended to increase the number of users of Defendant's Website (and Defendant's revenue) by displaying the advertisements for Defendant's own products and services which are embedded in each attorney "profile" page to visitors who reach the pages through internet search engines.

101.    Defendant could have easily prevented the free-preview "profile" pages from appearing in search engine results by adding a "noindex" directive to the pages' source code.[36]  Defendant chose not to.

---

[35] *See* Schema.org, *Getting started with schema.org using Microdata*, available at https://schema.org/docs/gs.html. Schema.org descriptors are used solely for the purpose of improving the search engine optimization of a webpage.
[36] A "noindex" directive is a piece of code on the page that instructs search engines not to index the page. *See* Google Search Central, *Block Search indexing with noindex*, available at https://developers.google.com/search/docs/crawling-indexing/block-indexing.

102.    Instead, Defendant did the opposite.  It included an explicit "index" permitting search engines to index the page.  This appears in the line of source code on the free-preview profile pages reading: &lt;meta name="Robots" name="robots" content="index, follow"&gt;

103.    This is further evidence of Defendant's intent to make the attorney "profile" pages rankly as highly as possible when a user submits a query on a search engine for the name of any lawyer whose information is contained in Defendant's database.

104.    During the time period relevant to this action, numerous non-subscribers to Defendant's services performed searches on Google and other search engines that yielded results including hyperlinks to the Plaintiffs' Profile Pages, along with summaries of the information available on the attorney "profile" page in the search-engine results themselves (including Plaintiff's name and other personally identifying information).

105.    During the time period relevant to this action, numerous non-subscribers to Defendants' services visited Plaintiffs' Profile Pages by clicking on a link to such pages in the results page of a search performed on Google or another search engine.

106.    During the time period relevant to this action, numerous non-subscribers to Defendant's services bore witness to the Defendant's use of Plaintiff

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 40 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

Louw-DeFazio's name on Plaintiff Louw-DeFazio's Profile Page to advertise Defendants' products and services.

107. During the time period relevant to this action, numerous non-subscribers to Defendant's services bore witness to the Defendant's use of Plaintiff Concannon's name on Plaintiff Concannon's Profile Page to advertise Defendants' products and services.

108. Defendant tracks, *inter alia*, the number of times when (by date and time) and from where (by, *inter alia*, IP address) each of each attorney "profile" pages is viewed by a non-subscriber, the location from which the visitor to the page originated (such as a Google search results page or a list generated from a "free search" query on its own website), and the total numbers of persons who have visited a particular attorney "profile" page.

109. Defendant continues to improve the coding of the attorney "profile" pages to maximize their visibility to the consuming public in the results yielded by searches on Google and other popular search engines, and employ persons (and work with contractors) who focus specifically on these efforts.

## CLASS ACTION ALLEGATIONS

110. Pursuant to Federal Rule of Civil Procedure 23(b)(1), 23(b)(2), 23(b)(3), and where applicable, 23(c)(4), Plaintiffs bring this action, on behalf of themselves and members of the "Nationwide Class" defined as follows:

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 41 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

> All natural persons residing in the United States for whom Defendants established an attorney "profile" page on Avvo.com and who have not created an account on Avvo.com or any of Defendant's other internet properties.

111.   Pursuant to Federal Rule of Civil Procedure 23(b)(1), 23(b)(2), 23(b)(3), and where applicable, 23(c)(4), Plaintiff Louw-DeFazio brings this action, on behalf of herself and members of the "California Class" defined as follows:

> All natural persons residing in California for whom Defendant established an attorney "profile" page on Avvo.com and who have not created an account on Avvo.com or any of Defendant's other internet properties.

112.   Pursuant to Federal Rule of Civil Procedure 23(b)(1), 23(b)(2), 23(b)(3), and where applicable, 23(c)(4), Plaintiff Concannon brings this action, on behalf of himself and members of the "Illinois Class" defined as follows:

> All natural persons residing in Illinois for whom Defendant established an attorney "profile" page on Avvo.com and who have not created an account on Avvo.com or any of Defendant's other internet properties.

113.   The Nationwide Class, California Class, and Illinois Class are collectively referred to herein as the "Classes."

114.   Excluded from the Classes are Defendant's officers, directors, and employees; any entity in which Defendant has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendants.  Also excluded from the Classes are members of the judiciary to whom this case is assigned, their families, and members of their staff.

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 42 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

115. Plaintiffs reserve the right to modify the definitions of the Classes, including based on discovery and further investigation.

116. The members of each of the Classes are so numerous that their individual joinder herein is impracticable. Plaintiffs are informed and believe, and thereupon alleges, that the members of each of the Nationwide Class number above one million, and the members of the Washington Class, California Class, and Illinois Class number at least in the tens of thousands each. The precise number of members of the Classes and their identities are unknown to Plaintiff at this time but will be readily determined in discovery, including by reference to Defendant's records. Members of the Classes may be notified of the pendency of this action by email, mail and/or publication through the records of Defendant.

117. Plaintiffs' claims are typical of the claims of the members of the Classes they seek to represent in that Plaintiffs and all members of the Classes were injured and sustained damages by Defendant's uniform wrongful conduct—namely, Defendant's practices of using Plaintiffs' and the Classes members' names and corresponding personally identifying information to advertise, sell, and promote, and to solicit sales of its products and services, without any of their consent.

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 43 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

118.    Common questions of law and fact exist as to all members of each of the Classes and predominate over questions affecting only individual members. Legal and factual questions common to the Classes include, but are not limited to:

    a.    Whether Defendant engaged in the alleged conduct;

    b.    Whether Defendant knowingly used the names and personally identifying information of the members of the Classes;

    c.    Whether Defendant used the Classes members' names, identities, and other personally identifying information for the purposes of advertising products, merchandise, goods, or services;

    d.    Whether Defendant had the Classes members' consent to use their names and personally identifying information in this way;

    e.    Whether members of the Classes are entitled to recover statutory damages;

    f.    Whether members of the Classes are entitled to equitable relief, including injunctive relief.

119.    Plaintiffs are adequate representatives of the Class because Plaintiffs' interests do not conflict with the interests of the other members of the Classes they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 44 -

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

the members of the Classes will be fairly and adequately protected by Plaintiffs and their counsel.

120.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Classes. Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of such issues.

**FIRST CLAIM FOR RELIEF**
**Violation of Washington's Personality Rights Act, RCW 63.60.050**
**(By All Plaintiffs, Individually and On Behalf of the Nationwide Class)**

121.    Plaintiffs, individually and on behalf of the Nationwide Class, repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

Class Action Complaint
Case No. 25-868
- 45 -
HEDIN LLP
1395 Brickell Ave.,
Suite 1140
Miami, Florida 33131
Phone: (305) 357-2107

122.    Plaintiffs are "living . . . individual[s]" and thus "individual[s]" within the meaning of the WPRA.  *See* RCW 63.60.

123.    Defendant is a corporation and thus juristic "persons" within the meaning of the WPRA.  *See id*.

124.    During the time period relevant to this action, Defendant publicly used the names and corresponding personally identifying information of Plaintiffs and the Nationwide Class members in the manner alleged herein, including by using such names, identities, and other personally identifying information on attorney "profile" pages it established and promoted for each of these individuals.

125.    Defendant used Plaintiffs' and the Nationwide Class members' names and corresponding personally identifying information in the manner alleged herein for the purposes of advertising, promoting, and selling, as well as offering to sell, its products and services, including their attorney referral platform and suite of marketing tools.

126.    The attorney "profile" pages that Defendant established for Plaintiffs and each of the Nationwide Class members were, at all times relevant hereto, publicly accessible to the public at large, and in fact were designed and intended by Defendant to be accessed and viewed by as many members of the public as possible, with the aim of advertising Defendant's products and services and therefore increasing Defendant's revenue and profits.

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 46 -

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

127.   Defendant's use of Plaintiffs' and the Nationwide Class members' names and corresponding personally identifying information on attorney "profile" pages constituted "advertising" within the meaning of WPRA. *See* RCW 63.60.050.

128.   Defendant's attorney referral platform and suite of marketing tools constitute "products, merchandise, goods, or services" within the meaning of the WPRA. *See id.*

129.   Prior to using and holding out Plaintiffs' and the Nationwide Class members' names and corresponding personally identifying information for advertising purposes in the manner alleged herein, Defendant did not notify Plaintiffs nor any member of the Nationwide Class that it would do so, and neither Plaintiffs nor any member of the Nationwide Class has ever consented (in writing or otherwise) to Defendant doing so.

130.   By using Plaintiffs' and the Nationwide Class members' names and corresponding personally identifying information to advertise their products and services, without prior consent, Defendant infringed upon Plaintiffs' and the Nationwide Class members' rights of publicity in violation of the WPRA.

131.   Plaintiff Louw-DeFazio suffered mental anguish as a result of Defendant's unauthorized uses of her name and personally identifying information in the manner alleged herein.  Upon learning that her name and personal details

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 47 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

were being used by Defendant to sell its own products and services on the open market for their own financial gain, Plaintiff Louw-DeFazio became worried, frustrated, and concerned, disturbing her peace of mind in a meaningful way—just as would occur to any reasonable person (including members of the Nationwide Class) under the same or similar circumstances.

132.    Plaintiff Concannon suffered mental anguish as a result of Defendant's unauthorized uses of his name and personally identifying information in the manner alleged herein.  Upon learning that his name and personal details were being used by Defendant to sell its own products and services on the open market for their own financial gain, Plaintiff Concannon became worried, frustrated, and concerned, disturbing her peace of mind in a meaningful way—just as would occur to any reasonable person (including members of the Nationwide Class) under the same or similar circumstances.

133.    Significant commercial value exists in the aspects of Plaintiffs' and the other Nationwide Class members' names and identities that Defendant used and continues to use in the manner alleged herein.

134.    Defendant has profited from and illicitly reaped benefits from its non-consensual use of Plaintiffs' and the Nationwide Class members' names for advertising purposes, including through increased revenues from individuals who

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 48 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

utilized, signed up for, or purchased for Defendant's products or services after viewing attorney "profile" pages.

135.   Defendant's use of Plaintiffs' and the Nationwide Class members' names and corresponding personally identifying information in attorney "profile" pages was not incidental.  On the contrary, it constituted and continues to constitute an integral part of Defendant's marketing strategy to obtain users of the Website and customers for Defendant's products and services.  This is demonstrated by the sheer volume of attorney "profile" pages created by Defendant and Defendant's use of the names in the search engine optimization of these pages to ensure they rank highly in search engine results whenever someone searches for the corresponding individual.

136.   Defendant does not use Plaintiffs' or the Nationwide Class members' names to identify or describe Defendant's own products or services.  Neither Plaintiffs nor any member of the Nationwide Class has ever registered for Defendant's Website, meaning that they are not a part of Defendant's attorney referral platform and cannot be contacted through Defendant's products or services.  Nor is any information about Plaintiffs nor any member of the Nationwide Class available for sale on Defendant's website.  On the contrary, Defendant uses Plaintiffs' and the Nationwide Class members' names to identify Plaintiffs and the

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 49 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

individual Nationwide Class members themselves (not to identify or describe any aspect of Defendant's products or services).

137.    Defendant's use of Plaintiffs' and the Nationwide Class members' names and personally identifying information to advertise its own products and services was neither fair nor undertaken in good faith.  Defendant neither sought nor obtained consent from Plaintiffs nor any member of the Nationwide Class to use their names and personally identifying information in the manner alleged herein.  Further, Defendant intentionally used Plaintiffs' names in search engine optimization techniques, including identifying their names as name using schema.org descriptors in their respective "profile" pages' source code, in order to trade on the commercial value associated with Plaintiffs' names and attract the attention of internet users to Defendants' advertisements for its own products and services which are displayed on the attorney "profile" pages.

138.    Washington state has the most substantial relationship to Plaintiffs' and the Nationwide Class members WPRA claims.  Defendant is headquartered in Seattle, Washington.  Defendant collected the data for the attorney "profile" pages in Seattle, Washington.  Defendant built the Website, including the over one million attorney "profile" pages in Seattle, Washington.  Defendant disseminated and published the attorney "profile" pages in and from Washington state.

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 50 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

139.    On behalf of themselves and the Nationwide Class, Plaintiffs seek: (1) an injunction requiring Defendant to obtain written consent from the Nationwide Class members prior to using of their names or images to advertise products or services pursuant to RCW 63.60.060; (2) $1,500.00 in statutory liquidated damages to each Plaintiff and each Nationwide Class member pursuant to RCW 63.60.060; and (3) costs and reasonable attorneys' fees pursuant to RCW 63.60.060.

## SECOND CLAIM FOR RELIEF
### Violation of California Right of Publicity Law, Cal. Civ. Code § 3344 (By Plaintiff Louw-Defazio, Individually and On Behalf of the California Class)

140.    Plaintiff Louw-Defazio, individually and on behalf of the California Class, repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

141.    Defendant is a corporation and thus juristic "person[s]" within the meaning of the CRPL.   *See* Cal. Civ. Code § 3344(a)(1).

142.    During the time period relevant to this action, Defendant publicly used the names and corresponding personally identifying information of Plaintiff Louw-Defazio and the California Class members in the manner alleged herein, including by using such names, identities, and other personally identifying information on attorney "profile" pages it established and promoted for each of these individuals.

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 51 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

143. Defendant used Plaintiff Louw-Defazio's and the California Class members' names and corresponding personally identifying information in the manner alleged herein for the purposes of advertising, promoting, and selling, as well as offering to sell, its products and services, including its attorney referral platform and suite of marketing tools. This constitutes a "use" "for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services" within the meaning of the CRPL. *See* Cal. Civ. Code § 3344(a)(1).

144. Defendant's attorney referral platform and suite of marketing tools constitute "products, merchandise, goods, or services" within the meaning of the CRPL. *See id*.

145. Defendant has published and disseminated the attorney "profile" pages bearing the names and other personally identifying information of Plaintiff Louw-Defazio and the California Class members in California.

146. The attorney "profile" pages that Defendant established for Plaintiff Louw-Defazio and each of the California Class members were, at all times relevant hereto, publicly accessible to the public at large, and in fact were designed and intended by Defendant to be accessed and viewed by as many members of the public as possible, with the aim of advertising Defendant's products and services and therefore increasing Defendant's revenue and profits.

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 52 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

147.   Prior to using and holding out Plaintiff Louw-Defazio's and the California Class members' names and corresponding personally identifying information for advertising purposes in the manner alleged herein, Defendant did not notify Plaintiff Louw-Defazio nor any member of the California Class that it would do so, and neither Plaintiff Louw-Defazio nor any member of the California Class has ever consented to Defendant doing so.

148.   By using Plaintiff Louw-Defazio's and the California Class members' names and corresponding personally identifying information to advertise their products and services, without prior consent, Defendant infringed upon Plaintiff Louw-Defazio's and the California Class members' rights of publicity in violation of the CRPL.

149.   Plaintiff Louw-Defazio suffered mental anguish as a result of Defendant's unauthorized uses of her name and personally identifying information in the manner alleged herein.  Upon learning that her name and personal details were being used by Defendant to sell their own products and services on the open market for their own financial gain, Plaintiff Louw-Defazio became worried, frustrated, and concerned, disturbing her peace of mind in a meaningful way—just as would occur to any reasonable person (including members of the California Class) under the same or similar circumstances.

CLASS ACTION COMPLAINT
CASE NO. 25-868
- 53 -
HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

150.    Significant commercial value exists in the aspects of Plaintiff Louw-Defazio's and the other California Class members' names and identities that Defendant used and continue to use in the manner alleged herein.

151.    Defendant has profited from and illicitly reaped benefits from its non-consensual use of Plaintiff Louw-Defazio's and the California Class members' names for advertising purposes, including through increased revenues from individuals who utilized, signed up for, or purchased for Defendant's products or services after viewing attorney "profile" pages.

152.    Defendant's use of Plaintiff Louw-Defazio's and the California Class members' names and corresponding personally identifying information in attorney "profile" pages was not incidental.  On the contrary, it constituted and continues to constitute an integral part of Defendant's marketing strategy to obtain users of the Website and customers for Defendant's products and services.  This is demonstrated by the sheer volume of attorney "profile" pages created by Defendant and This is demonstrated by the sheer volume of attorney "profile" pages created by Defendant and Defendant's use of the names in the search engine optimization of these pages to ensure they rank highly in search engine results whenever someone searches for the corresponding individual.

153.    On behalf of herself and the California Class, Plaintiff Louw-Defazio seeks: (1) an injunction requiring Defendant to obtain written consent from the

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 54 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

California Class members prior to using their names or images to advertise products or services; (2) $750.00 in statutory liquidated damages to Plaintiff Louw-Defazio and each California Class member; and (3) costs and reasonable attorneys' fees. *See* Cal. Civ. Code § 3344(a)(1).

## THIRD CLAIM FOR RELIEF
### Violation of the Illinois Right of Publicity Act, 765 ILCS 1075
### (By Plaintiff Concannon, Individually and On Behalf of the Illinois Class)

154.    Plaintiff Concannon, individually and on behalf of the Illinois Class, repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

155.    Defendant is a corporation and thus a juristic "person" within the meaning of the IRPA.  *See* 765 ILCS 1075/5.

156.    During the time period relevant to this action, Defendant publicly used the names, identities, and other personally identifying attributes of Plaintiff Concannon and the Illinois Class members in the manner alleged herein, including by using such names, identities, and other personally identifying information on attorney "profile" pages it established and promoted for each of these individuals.

157.    Defendant used Plaintiff Concannon's and the Illinois Class members' names, identities, and personally identifying information on the attorney "profile" pages for the purposes of advertising, promoting, and selling, as well as offering to sell, its products and services, including its attorney referral platform and suite of

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 55 -

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

marketing tools. This constitutes a "use" or "holding out" of those names and identities "in connection with the offering for sale or sale of a product, merchandise, goods, or services" or "for purposes of advertising or promoting products, merchandise, goods, or services" within the meaning of "commercial purposes" as it is defined in the IRPA. *See* 765 ILCS 1075/5.

158. Defendant's suite of marketing tools constitutes a "product, merchandise, goods, or services" within the meaning of the IRPA. *See id.*

159. Defendant's attorney referral platform constitutes a "product, merchandise, goods, or services" within the meaning of the IRPA. *See id.*

160. Defendant has published and disseminated the Plaintiff Concannon's Attorney Profile Pages and similar attorney "profile" pages corresponding to each member of the Illinois Class in Illinois.

161. Prior to using and holding out Plaintiff Concannon's and the Illinois Class members' names and other personally identifying information for advertising purposes in the manner alleged herein, Defendant did not notify Plaintiff Concannon nor any member of the Illinois Class that it would do so, and neither Plaintiff Concannon nor any member of the Illinois Class has ever consented (in writing or otherwise) to Defendant doing so.

162. By using Plaintiff Concannon's and the Illinois Class members' names, identities, and other personally identifying information to advertise its

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 56 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

products and services, without their prior consent, Defendant infringed upon Plaintiff Concannon's and the Illinois Class members' rights of publicity in violation of the IRPA.

163. Significant commercial value exists in the aspects of Plaintiff Concannon's and the other Illinois Class members' names and identities that Defendant used and continues to use in the manner alleged herein.

164. Defendant has profited from and illicitly reaped benefits from its non-consensual use of Plaintiff Concannon and the Illinois Class members' names for advertising purposes, including through increased revenues from individuals who utilized, signed up for, or purchased for Defendant's products or services after viewing attorney "profile" pages.

165. Defendant's use of Plaintiff Concannon's and the Illinois Class members' names, identities, and other personally identifying information in attorney "profile" pages and other pages to advertise its products and services was not incidental.   On the contrary, it was instrumental (and continues to be instrumental) to Defendant in obtaining users of its attorney referral platform and subscribers to its suite of marketing tools.  This is demonstrated by the sheer volume of attorney "profile" pages published by Defendant and Defendant's use of the names in the search engine optimization of these pages to ensure they rank highly

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 57 -

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

in search engine results whenever someone searches for the corresponding individual.

166.    Plaintiff Concannon suffered mental anguish as a result of Defendant's unauthorized uses of his name and personally identifying information in the manner alleged herein.  Upon learning that his name and personal details were being used by Defendant to sell their own products and services on the open market for their own financial gain, Plaintiff Concannon became worried, frustrated, and concerned, disturbing his peace of mind in a meaningful way—just as would occur to any reasonable person (including members of the Illinois Class) under the same or similar circumstances.

167.    On behalf of himself and the Illinois Class, Plaintiff Concannon seeks: (1) an injunction requiring Defendant to obtain prior consent from the Illinois Cass members prior to the use of their names and identities to advertise products or services; (2) $1,000.00 in statutory liquidated damages to Plaintiff Concannon and each Illinois Class member; and (3) costs and reasonable attorneys' fees.  *See* 765 ILCS 1075/40; 765 ILCS 1075/50.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seeks a judgment against Defendant, individually and on behalf of the members of the Classes, as follows:

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 58 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

A.    For an order certifying the Classes pursuant to Federal Rule of Civil Procedure 23 and naming Plaintiffs as representatives of the Classes and Plaintiffs' undersigned attorneys as counsel to represent the Classes;

B.    For an order entering judgment in favor of Plaintiffs and the members of the Classes on all claims for relief stated herein;

C.    For an order awarding Plaintiffs and the members of the Classes actual damages, compensatory damages, punitive damages, statutory damages, and statutory penalties, in the amounts set by statute or to be proven at trial;

D.    For an order for appropriate injunctive relief;

E.    For an order awarding pre- and post-judgment interest according to law; and

F.    For an award of attorneys' fees, costs and expenses to Plaintiffs' counsel.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of herself and members of the Classes, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims and issues so triable.

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 59 -

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

Dated: May 9, 2025

Respectfully submitted,

By: /s/ Nick Major

**NICK MAJOR LAW**
NICK MAJOR
450 Alaskan Way S. #200
Seattle, WA 98104
Telephone: (206) 410-5688
E-Mail: nick@nickmajorlaw.com

**HEDIN LLP**
FRANK S. HEDIN*
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
E-Mail: fhedin@hedinllp.com

**HEDIN LLP**
TYLER K. SOMES*
1100 15th Street NW, Ste 04-108
Washington, D.C. 20005
Telephone: (202) 900-3331
E-Mail: tsomes@hedinllp.com

* Pro Hac Vice Application Forthcoming

*Counsel for Plaintiff and the Putative Classes*

CLASS ACTION COMPLAINT
CASE NO. 25-868

- 60 -

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107