# Exhibit B

1

The Honorable John H. Chun

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## SEATTLE DIVISION

8

9

DANIEL CONCANNON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AVVO, INC.

Defendant.

Case No.  2:25-cv-00868-JHC

Note on Motion Calendar:

September 29, 2025

PLAINTIFF'S CORRECTED OPPOSITION TO DEFENDANT'S SPECIAL MOTION FOR EXPEDITED DISMISSAL UNDER RCW 4.105.020 OR, IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

10

11

12

13

14

15

16

17

18

19

20

21

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1

## TABLE OF CONTENTS

2     I.      INTRODUCTION ................................................................................1

3     II.     BACKGROUND ..................................................................................2

4             A.     Right of Publicity Statutes ............................................................2

5             B.     Factual Allegations ..........................................................................3

6             C.     Previous Litigation Against Avvo ...................................................7

7     III.    Legal Standard ...................................................................................12

8             A.     Revised Code of Washington Chapter 4.105 (UPEPA) ...................12

9             B.     Federal Rule of Civil Procedure 12(b)(6) ....................................13

10    IV.     ARGUMENT .....................................................................................14

11            A.     UPEPA Does Not Apply to Plaintiff's Claims ............................14

12                   1.    UPEPA Does Not Apply Because Plaintiff's Claims Are Not
13                         "Based on" Defendant's Exercise of "Freedom of Speech"
                           on a "Matter of Public Concern" .........................................14
14
15                   2.    RCW 4.105.010(3)(a)(iii)'s Exception Applies Because Plaintiff's
                           Claims Arise Out of a Communication Related to
16                         Defendant's Sale of Products or Services .............................18

17            B.     Defendant's Commercial Use of Plaintiff's Name and Identity
                     is Not Protected by the First Amendment ...................................21
18
19            C.     Plaintiff Has Stated a Claim Under Both Right of
                     Publicity Statues .........................................................................32
20
              D.     The Court Should Award Plaintiff's Attorneys' Fees ...............34

21    V.      CONCLUSION ..................................................................................35

22

Plaintiff's Opposition to Defendant's Special                HEDIN LLP
Motion and Motion to Dismiss                          1395 Brickell Avenue, Suite 610
(Case No. 2:25-cv-00868-JHC)                                Miami, Florida 33131
                                                             (305) 357-2107

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal,*
　　556 U.S. 662 (2009) ............................................................................. 13

*Assoc. of Nat'l. Advertisers, Inc. v. Lungren,*
　　44 F.3d 726 (9th Cir. 1994)................................................................... 25

*Baker v. Riverside County Office of Educ.,*
　　584 F.3d 821 (9th Cir. 2009)................................................................. 13

*Bd. of Trs. of State Univ. of N.Y. v. Fox,*
　　492 U.S. 469 (1989) .............................................................................. 29

*Bell Atl. Corp. v. Twombly,*
　　550 U.S. 544 (2007) .............................................................................. 13

*Bilotta v. Citizens Info. Assocs., LLC,*
　　2014 WL 105177 (M.D. Fla. Jan. 10, 2014) ......................................... 34

*Bolger v. Youngs Drug Prods. Corp.,*
　　463 U.S. 60 (1983) ........................................... 24, 25, 27, 28, 29, 30, 31

*Boshears v. PeopleConnect, Inc.,*
　　2022 WL 888300 (W.D. Wash. Mar. 25, 2022)..................... 15, 19, 28, 30, 31, 32, 33

*Browne v. Avvo, Inc.,*
　　525 F. Supp. 2d 1249 (W.D. Wash. 2007) ................................. 7, 8, 10, 11

*Camacho v. Control Grp. Media Co., LLC,*
　　2022 WL 3093306 (S.D. Cal. July 18, 2022)...................... 15, 24, 28, 30, 31

*Corbin v. Time Warner Ent.-Advance/Newhouse P'ship,*
　　821 F.3d 1069 (9th Cir. 2016)............................................................... 13

*Davis v. Avvo, Inc.,*
　　345 F. Supp. 3d 534 (S.D.N.Y. 2018) .................................................. 11

*Davis v. Avvo, Inc.,*
　　2012 WL 1067640 (W.D. Wash. Mar. 28, 2012).................... 8, 9, 10, 14, 15

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

*Davis v. Cox,*
    183 Wash. 2d 269 (2015) ........................................................................ 9

*Dex Media W., Inc. v. City of Seattle,*
    696 F.3d 952 (9th Cir. 2012) ..............................................24, 25, 27, 28, 29

*Fry v. Ancestry.com Operations Inc.,*
    2023 WL 2631387 (N.D. Ind. Mar. 24, 2023) ........................................ 30

*Gabiola v. Sarid,*
    2017 WL 4264000 (N.D. Ill. Sept. 26, 2017)......................... 10, 11, 27, 30, 31, 33, 34

*Gaul v. Truth Now, LLC,*
    2022 WL 3647257 (C.D. Ill. Aug. 24, 2022) ............................................ 31

*Green v. Datanyze, LLC,*
    2024 WL 168123 (N.D. Ill. Jan. 16, 2024) .............................................. 21

*Hoffower v. Seamless Contacts, Inc.,*
    2022 WL 17128949 (N.D. Ill. Nov. 22, 2022) ........................................ 21

*IMDb.com Inc. v. Becerra,*
    962 F.3d 1111 (9th Cir. 2020) .................................................................. 15

*Makaeff v. Trump Univ., LLC,*
    715 F.3d 254 (9th Cir. 2013) .................................................................... 15

*Kellman v. Spokeo, Inc.,*
    599 F. Supp. 3d 877 (N.D. Cal. 2022) .................................................... 31

*Knapke v. PeopleConnect Inc.,*
    553 F. Supp. 3d 865 (W.D. Wash. 2021) ............................................ 23, 31

*Kolebuck-Utz v. Whitepages Inc.,*
    2021 WL 1575219 (W.D. Wash. Apr. 22, 2021)......................23, 24, 28, 31

*Krause v. RocketReach, LLC,*
    561 F. Supp. 3d 778 (N.D. Ill. 2021) ...................... 22, 24, 28, 30, 31, 32, 33

*Lukis v. Whitepages Inc.,*
    542 F. Supp. 3d 831 (N.D. Ill. 2020) .................................................. 15, 33

*Mackey v. PeopleConnect, Inc.,*
    2023 WL 2561621 (N.D. Ill. Mar. 17, 2023) ...................................... 23, 33

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

*Martinez v. ZoomInfo Technologies, Inc.,*
  2022 WL 1078630 (W.D. Wash. Apr. 11, 2022)..............................................16, 17, 18

*Nieman v. VersusLaw, Inc.,*
  512 F. App'x 635 (7th Cir. 2013) ...............................................................30

*Siegel v. Zoominfo Techs., LLC,*
  2021 WL 4306148 (N.D. Ill. Sept. 22, 2021)...............................................21

*Spindler v. Seamless Contacts,*
  2022 WL 16985678 (N.D. Cal. Oct. 24, 2022) .............................................16, 17, 18

*Straw v. Avvo, Inc.,*
  2020 WL 5066939 (W.D. Wash. Aug. 27, 2020) .........................................11

*Vrdolyak v. Avvo, Inc.,*
  206 F. Supp. 3d 1384 (N.D. Ill. 2016) .......................................................10, 11

*Wilson v. Ancestry.com LLC,*
  653 F. Supp. 3d 441 (S.D. Ohio 2023).......................................................18, 23, 30

**STATUTES**

California Code of Civil Procedure
  425.16............................................................................................................16

Illinois Compiled Statutes
  1075 *et seq.* ........................................................................................ *passim*

Revised Code of Washington
  4.105.010 *et seq.* ............................................................................... *passim*
  63.60.010 *et seq.* ............................................................................... *passim*
  4.24.525 *et seq.* (repealed) .....................................................................9, 15

**RULES**

Federal Rule of Civil Procedure
  12(b)(6)..............................................................................1, 13, 31, 32, 34

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

# I.  INTRODUCTION

This case is about Defendant Avvo Inc.'s systematic misappropriation of over one million individuals' names and personal identities to advertise its own products without ever having asked for, let alone obtained, consent to do so.

Defendant moves for expedited dismissal under Washington's Uniform Public Expression Protection Act ("UPEPA") and for an award of attorneys' fees against Plaintiff Daniel Concannon—a natural person seeking to enforce his right to control the commercial use of his own name and identity.  *See* ECF No. 16 ("Motion" or "Mot."). Alternatively, Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *Id.*

Defendant's Motion should be swiftly denied.  The Motion fails each of the three elements necessary to prevail under UPEPA.  *See* Revised Code of Washington ("RCW") 4.105.060 (establishing UPEPA's three-part framework).  First, Plaintiff Concannon's claims are not "based on" Defendant's "[e]xercise of the right of freedom of speech . . . on a matter of public concern."  *See* RCW 4.105.010(2)(c).    Second, RCW 4.105.010(3)(a)(iii)'s exception plainly applies to this case.  *See* RCW 4.105.060(b). Third, Plaintiff Concannon has plausibly alleged his claims.  *See* RCW 4.105.060(c).

Defendant's Rule 12(b)(6) Motion should also be denied.  Courts regularly consider analogous right of publicity claims and have overwhelmingly denied similar motions to dismiss.  Plaintiff Concannon has plausibly alleged each element of his

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 1
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1    claims and the First Amendment does not protect Defendant's misappropriation of his

2    name and identity for commercial purposes.

3        Defendant's Motion should be denied in its entirety, and reasonable attorneys'

4    fees and costs should be awarded to Plaintiff Concannon.  *See* RCW 4.105.090(2).

## II.   BACKGROUND

### A.       Right of Publicity Statutes.

7        The right of publicity embodies a right to control the commercial use of certain

8    qualities associated with one's identity, including one's name, image, and likeness.

9        The Washington Personality Rights Act ("WPRA") is Washington's right of

10   publicity statute.   It defines a property right in the use of several personal

11   characteristics: "Every individual or personality has a property right in the use of his

12   or her name, voice, signature, photograph, or likeness."   *See* RCW 63.60.010.   The

13   WPRA provides that anyone who "uses" any of those protected characteristics "for

14   purposes of advertising products merchandise, goods or services . . . or if any person

15   disseminates or publishes such advertisements in this state," without the consent of

16   the owner, "has infringed such right."  RCW 63.60.050.

17       The Illinois Right of Publicity Act ("IRPA") is Illinois's right of publicity statute.

18   The IRPA defines "identity" as "an attribute of an individual that serves to identify the

19   individual to an ordinary, reasonable viewer, or listeners including but not limited to

20   (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice."  765

21   Illinois Compiled Statutes ("ILCS") 1075/5.  It provides that "A person may not use an

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 2
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1    individual's identity for commercial purposes during the individual's lifetime without

2    having obtained previous written consent. . . ." 765 ILCS 1075/30(a).

3    **B.    Factual Allegations.**

4    As alleged in the First Amended Complaint, Defendant has "systematically used

5    Plaintiff Concannon's and over a million other Americans' names, identities, and

6    personally identifying information to advertise its products and services . . without

7    having ever obtained consent to do so." ECF No. 15 ("Complaint" or "Compl.") at ¶ 8.

8    Defendant has published over one million "profile pages" on its website

9    www.avvo.com (the "Website"). *Id.* at ¶ 27. Each "profile page" centers around the

10   "name, identity, and personally identifying details of one attorney (or former attorney)"

11   and uses those attributes "to advertise Defendant's own products and services,"

12   including Defendant's: (1) "attorney referral platform" and (2) "suite of marketing

13   tools." *Id.* Related "Claim Your Free Profile" pages use those same attributes to

14   advertise Defendant's marketing tools. *Id.* at ¶¶ 59-61.

15   Plaintiff Concannon's claims arise from Defendant's use of his name and identity

16   to advertise *its own* products and services. Promotions for Defendant's *own* products,

17   appear throughout the pages. *Id.* Some of those promotions specifically incorporate or

18   reference Plaintiff Concannon's name and identity. For example, the Complaint

19   includes the following screenshot:

20

21

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 3
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

*Id.* at ¶ 54 (emphasis added).

As shown above, this part of the "profile page" advertises one of Defendant's marketing tools, a "profile" published on the Website. It says "Daniel Brian Concannon," followed by his home street address, including the city and state where he resides. *Id.* It then says "Is this **your** profile? Claiming it is free and only takes 2 minutes"—a clear reference to Plaintiff Concannon. *Id.* (emphasis added). Finally, it provides a "Claim Profile" button. *Id.* This all appears in the same "element," contained by a boundary and set off against the background. *Id.* Plaintiff Concannon's name and identity are therefore directly incorporated into this promotion for Defendant's product; they are not just "near" or "nearby" it. *Cf.* Mot. at 11, 14 n.3; *see also* Compl. at ¶ 59-61 (depicting the similar "Claim Your Free Profile" page).

Elsewhere on the "profile page," Plaintiff Concannon's name and identity are closely "interspersed" with page elements "promoting Defendant's own products and

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 4
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

services." *Id*. at ¶ 74. For instance, a promotion for Defendant's attorney referral platform (stating "Looking for an attorney? Avvo can help") appears under the heading "About Daniel." *Id*. at ¶ 62. That promotion, too, references Plaintiff Concannon's identity: it includes a search bar pre-filled with his home city and state. *Id*. Further down, an "Ad" for the same platform appears just above his name. *Id*. at ¶ 70. The Complaint therefore alleges that his "profile page" is a "singular publication which uses Plaintiff Concannon's name and identity for the purpose of advertising and promoting Defendant's own products and services." *Id*. at ¶ 74.

The Complaint alleges Defendant's commercial purpose. *See, e.g.*, *id*. at ¶¶ 3, 115, 136. It describes hyperlinks on the pages that route into Defendant's sales pipeline. *Id*. at ¶ 55. It alleges that Defendant has gained "paying subscribers" to its "suite of marketing tools" through these hyperlinks. *Id*. at ¶¶ 58, 61. Further, once a user "claims" a free profile, it alleges that he or she receives promotions for Defendant's paid subscriptions. *Id*. at ¶ 61; *see also id*. at ¶¶ 58, 61 ("Defendant maintains records showing its acquisition of paying customers in this manner.").

The Complaint alleges that Defendant uses Plaintiff Concannon's name in "search engine optimization" ("SEO") techniques. *Id*. at ¶¶ 81-88. It identifies seven SEO techniques utilizing his name. *Id*. Defendant does this for the "commercial purpose of trading on the value associated with his name" to "attract internet users who are searching for his name to the advertisements published by Defendant for its own products and services." *Id*. at ¶¶ 82, 83.

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 5
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

Defendant's own words confirm its commercial purpose. In 2018, Defendant's former Chief Executive Officer, Mark Britton, gave a speech at a conference in Las Vegas, Nevada. *Id*. at ¶ 89. At the time, Defendant was being acquired by Internet Brands, the operator of the "Martindale" brand. *See id*. Britton described what made Avvo an appealing acquisition target, including its "**1+ million Attorney Profiles**":



*Id*. (depicting a slide from the presentation). In the same speech, Britton emphasized Avvo's SEO capabilities, including a specific technique used on Plaintiff Concannon's name. *See id*. at ¶¶ 90-92.

When Defendant formally announced the acquisition, its press release highlighted the value of the "attorney profiles" to its "brand." *Id*. at ¶ 93. Avvo's sale price was not disclosed, but the company was previously valued at $650 million. *Id*. at ¶ 41. In an interview, Britton said he received "a big, fair price." *Id*. at ¶ 43.

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 6
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1

### C.    Previous Litigation Against Avvo.

2        Defendant's recitation of previous litigation against it shows that many people

3   have taken issue with its conduct over the years.  *See* Mot. at 2-4.  But those cases have

4   no bearing here.   They addressed different business practices, distinct theories of

5   liability, previous versions of the "profile pages," and separate factual allegations.

6        Each previous case involving Defendant is distinguishable for at least four

7   common factual reasons.   These include: (1) unlike previous plaintiffs, Plaintiff

8   Concannon is not a lawyer, does not practice law, and does not hold out otherwise,

9   Compl. at ¶ 123; (2) Plaintiff Concannon's claims arise from a re-designed version of

10  the "profile page" which now prominently promotes Defendant's own products and

11  services; *see id.* at ¶¶ 52-75; (3) Plaintiff Concannon's claims arise not only from his

12  "profile page," but also from his "Claim Your Free Profile" page, *id.* at ¶¶ 59-61; (4) the

13  Complaint contains unique allegations regarding Defendant's commercial purpose.  *See*

14  *id.* at ¶¶ 55-93.  On the factual allegations alone, this case is distinct.  *See* Mot. at 2-4.

15       Significant legal differences also distinguish this case.  These are summarized

16  below by reference to each prior case involving Defendant as cited in its Motion.

17       *Browne v. Avvo, Inc.*

18       *Browne v. Avvo, Inc.* is inapposite for two important reasons.  *See* Mot. at 10

19  (citing 525 F. Supp. 2d 1249 (W.D. Wash. 2007)).   First, as Defendant admits, the

20  plaintiff in *Browne* was "challenging Avvo's rating system."  *Id.*  The court "held that

21  the *ratings* were 'absolutely protected by the First Amendment.'"  *Id.* (citing 525 F.

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 7
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

Supp. 2d at 1251) (emphasis added). But Plaintiff Concannon's claims do not concern

Defendant's attorney ratings. In fact, the Complaint expressly disclaims any such

theory. It states: "Plaintiff Concannon's [] claim does not arise from or relate to any

rating(s), review(s), or other expression of opinion appearing on Plaintiff Concannon's

Profile Page." Compl. at ¶¶ 129, 145. Plaintiff Concannon does not even have a rating

on the Website. *Id*. at ¶ 70; *see also* ¶¶ 52, 54; *Cf. Browne*, 525 F. Supp. 2d at 1251.

Instead, his claims arise from Defendant's *use* of his name and identity to advertise its

own products and services. *See infra* at 22-24 (compiling cases drawing this

distinction).

Second, the *Browne* plaintiff's claim turned on "Avvo's offer to sell advertising

space" on the pages to third parties. 525 F. Supp. 2d 1249; Mot. at 3. But Plaintiff

Concannon's claims do not relate to any "offer to sell advertising space" on his pages.

*See* Mot. at 3 (citing *Browne*, 525 F. Supp. 2d at 1251). Plaintiff Concannon's claims

concern only advertising for Defendant's *own* products and services. *Id*. at ¶¶ 2, 27, 73,

79, 83; *see also infra* at 27-29 (discussing the significance of this difference in the First

Amendment analysis ).

### *Davis v. Avvo, Inc.* ("*Davis I*")

In *Davis v. Avvo, Inc.* ("*Davis I*") the district court granted Defendant's motion

to strike under a previous version of Washington's Anti-Strategic Lawsuit Against

Public Participation ("anti-SLAPP") statute, which has since been declared

unconstitutional by the Washington Supreme Court. *See* 2012 WL 1067640 (W.D.

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 8
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

Wash. Mar. 28, 2012); *Davis v. Cox*, 183 Wash. 2d 269, 281 (2015). *Davis I* should be accorded no weight for several reasons.

First, the plaintiff in *Davis I* essentially abandoned his claims. The case was adjudicated under Washington substantive law. *Davis I*, 2012 WL 1067640 at *5. But the plaintiff "chose to oppose the motion to strike solely under Florida law," and did not "argue[] any elements of these torts under Washington law." *Id.* at *8. Consequently, the court provided no analysis of the right of publicity claim. *See generally id.*

Second, the case was decided under a materially different standard. As a result, it contains no holding on freedom of speech—a required element of Defendant's UPEPA Motion. Washington's old anti-SLAPP statute permitted courts to grant motions to strike "based on an action involving public participation," which was defined as encompassing any one of five different categories of conduct. *See* RCW 4.24.525(2)(a)-(e) (repealed). Only one of those categories mentioned freedom of speech or constitutional rights. *See* RCW 4.24.525(2)(e) (repealed). Others were broader, including: "Any oral statement made, or written statement or other document submitted, in a place open to the public or a public forum in connection with an issue of public concern." RCW 4.24.525(2)(d) (repealed). The court's analysis tracked the latter standard and undertook no First Amendment, freedom of speech, or constitutional analysis. *Davis I*, 2012 WL 1067640 at *3-*8. Here, however, Defendant needs to establish its freedom of speech defense to prevail on its UPEPA Motion. *See*

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 9
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1  RCW 4.105.010(2)(c).  *Davis I*, which contains no such analysis or holding, is not

2  probative as to that subject.

3      Third, the "public concern" analysis was premised on very different facts.  In

4  *Davis I*, the plaintiff was a practicing lawyer.  *Davis I*, 2012 WL 1067640 at *1.  He

5  claimed to have lost business due to his low rating on the Website.  *Id*.  By contrast,

6  Plaintiff Concannon does not practice law, is not employed as a lawyer, and does not

7  hold himself out as an attorney.  *See* Compl. at ¶ 123.  Even the Website itself indicates

8  that his bar status is "inactive."  *Id*. at ¶ 67.  As a result, Plaintiff Concannon's legal

9  credentials are hardly a "matter of public concern"—as Defendant must also establish

10  to prevail under UPEPA.  *See* RCW 4.105.010(2)(c).

11      <u>*Vrdolyak v. Avvo, Inc.*</u>

12      *Vrdolyak v. Avvo, Inc.* occupies a lonely corner of right of publicity jurisprudence,

13  having been regularly criticized by various courts, and is easily distinguishable here,

14  even on its own terms.  206 F. Supp. 3d 1384 (N.D. Ill. 2016).  As in *Browne*, the court's

15  First Amendment analysis centered around the advertisements for *other attorneys*

16  (those "placed by others") on the pages.  *Id*. at 1388-1389.  Consequently, the court—

17  like Defendant here—compared the Website to a "magazine" which "sold and published

18  advertisements."  *Id*. at 1389; Mot. at 10-12.  Here, however the theory of liability

19  concerns *only* advertisements for Defendant's *own* products and services.  *See* Compl.

20  at ¶¶ 59-61; *see, e.g.*, *Gabiola v. Sarid*, 2017 WL 4264000, at *6 (N.D. Ill. Sept. 26, 2017)

21

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 10
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1  ("*Vrdolyak* is . . . distinguishable in that the advertisements there were for other

2  services separate from Avvo.com."); *see also infra* at 28-30.

3      <u>*Davis v. Avvo, Inc. ("Davis II")*</u>

4      Like *Browne*, *Davis II* involved a challenge to Defendant's rating system.  345 F.

5  Supp. 3d 534 (S.D.N.Y. 2018); Mot. at 4.  *Davis II* similarly held that the ratings were

6  protected by the First Amendment.  345 F. Supp. 3d at 541.  However, Plaintiff

7  Concannon does not challenge any rating (and, in fact, does not have a rating), nor any

8  "other expression of opinion" on his pages.  Compl. at ¶¶ 129, 145.

9      Like both *Browne* and *Vrdolyak*, *Davis II*'s commercial speech holding rests upon

10  "sponsored advertisements" placed by others on the pages.  *See* 345 F. Supp. 3d at 540.

11  However, Plaintiff Concannon's theory of liability arises *solely* from Defendant's use of

12  his name and identity to advertise its *own* products and services.  *See id.*; *see also infra*

13  at 28-30.

14      <u>*Straw v. Avvo, Inc.*</u>

15      In *Straw v. Avvo, Inc.*, an attorney sued Defendant for "various torts" based on,

16  *inter alia*, the rating displayed on his profile.  Mot. at 4 (citing 2020 WL 5066939, at

17  *1-*3 (W.D. Wash. Aug. 27, 2020)).  The court held that the rating was protected by the

18  First Amendment.  *See Straw*, 2020 WL 5066939, at *3.  Here, again, however,

19  "Plaintiff Concannon's [] claim[s] do[] not arise from or relate to any rating(s), review(s),

20  or other expression of opinion appearing on Plaintiff Concannon's Profile Page."  Compl.

21  at ¶¶ 129, 145.

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 11
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## III.    LEGAL STANDARD

### A.    Revised Code of Washington Chapter 4.105 (UPEPA).

Washington state's anti-SLAPP statute, UPEPA, is codified in RCW Section 4.105.  It provides that a defendant may file a "special motion for expedited relief to dismiss the cause of action" within 60 days of being served with a complaint.  RCW 4.105.020(2).  To grant the "special motion," a court must find each of three conditions met: (1) the movant establishes that UPEPA applies; (2) the non-movant fails to establish that UPEPA does not apply; and (3) the complaint either fails to state a claim or there is no genuine issue as to any material fact and the movant is entitled to dismissal as a matter of law.  *See* RCW 4.105.060(1)(a)-(c).

First, the movant must establish that UPEPA applies.  RCW 4.105.060(1)(a).  UPEPA applies to a "cause of action" which is "based on" one of three categories of conduct.  RCW 4.105.010(2)(a)-(c).  Defendant moves solely under the third category, which encompasses any "[e]xercise of the right of freedom of speech or of the press, the right to assemble or petition, or the right of association, guaranteed by the United States Constitution or Washington state Constitution, on a matter of public concern."  RCW 4.105.010(2)(c); *see* Mot. at 6-7.

Second, the non-movant may show that UPEPA does not apply pursuant to its statutory exceptions.  RCW 4.105.060(1)(b).  The exceptions appear in RCW 4.105.010(3).  One provides that UPEPA does not apply to a "cause of action" brought "[a]gainst a person primarily engaged in the business of selling or leasing goods or

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 12
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1    services if the cause of action arises out of a communication related to the person's sale

2    or lease of the goods or services."  RCW 4.105.010(3)(a)(iii).

3        Third, the court must find that either a motion to dismiss or motion for summary

4    judgment could be entered in the UPEPA movant's favor.  RCW 4.105.060(1)(c).

5    Defendant moves only under the motion to dismiss standard.  Mot. at 6.  As a result,

6    the standard for this element mirrors that of Rule 12(b)(6).

7        Only if all three elements are met may the UPEPA motion be granted.  *See* RCW

8    4.105.060(1).

9    **B.    Federal Rule of Civil Procedure 12(b)(6).**

10        In reviewing a Rule 12(b)(6) motion to dismiss, a court takes all factual

11    allegations as true to determine whether the complaint "state[s] a claim to relief that

12    is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

13    *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the

14    plaintiff pleads factual content that allows the court to draw the reasonable inference

15    that the defendant is liable for the misconduct alleged."  *Id.* at 678.  All inferences are

16    taken in the light most favorable to the non-movant.  *Baker v. Riverside County Office*

17    *of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009).  Prior to class certification, courts consider

18    only the allegations pertaining to the named plaintiff.  *See Corbin v. Time Warner Ent.-*

19    *Advance/Newhouse P'ship*, 821 F.3d 1069, 1084 (9th Cir. 2016).

20

21

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 13
(Case No. 2:25-cv-00868-JHC)

1

## IV.  ARGUMENT

2

Defendant's Motion should be denied.  Not one of the three mandatory UPEPA

3

elements is satisfied.  Further, the Complaint plausibly states claims for relief under

4

both the WPRA and IRPA.  Neither the First Amendment nor any statutory exception

5

bars the claims.  Finally, Plaintiff Concannon's attorneys' fees and costs should be

6

awarded pursuant to RCW 4.105.090(2).

7

### A.    UPEPA Does Not Apply to Plaintiff's Claims.

8

### 1.    UPEPA Does Not Apply Because Plaintiff's Claims Are Not "Based on" Defendant's Exercise of "Freedom of Speech" on a "Matter of Public Concern."

9

10

To establish that UPEPA applies, Defendant must show that Plaintiff

11

Concannon's claims are "based on" Defendant's "[e]xercise of the right of freedom of

12

speech. . . on a matter of public concern."  *See* Mot. at 7-8.  Defendant cannot make that

13

showing.  Plaintiff Concannon's claims are not "based on" Defendant's exercise of

14

"freedom of speech," nor its speech on a "matter of public concern."  *See* RCW

15

4.105.010(2)(c).  Defendant's UPEPA Motion should be denied.

16

***First***, Plaintiff Concannon's causes of action are not "based on" Defendant's

17

exercise of "freedom of speech."  RCW 4.105.010(2)(c).

18

Defendant relies heavily on *Davis I* to argue that UPEPA applies.  As discussed

19

above, however, *Davis I* was decided under a previous version of Washington's anti-

20

SLAPP statute, which did not include any "freedom of speech" element, and the opinion

21

does not contain any analysis or holding with respect to that subject.  *See* 2012 WL

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 14
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1067640 at *3-*8; *supra* at 8-10.   *Davis I* therefore is not probative as to whether

Plaintiff Concannon's action is "based on" Defendant's exercise of "freedom of speech,"

as Defendant must show under UPEPA.   *See* RCW 4.105.010(2)(c).[1]

   Next, Defendant notes that "Washington modeled its anti-SLAPP regime after

California's, and Washington courts have looked to California law to interpret it."  Mot.

at 8 n.2.  Defendant cites two California decisions granting anti-SLAPP motions.  Mot.

at 8.  Neither is even remotely on point.  For example, *IMDb.com Inc. v. Becerra* did

not concern right of publicity claims nor the use of anyone's name in advertising, and

the website did not "propose a commercial transaction."  962 F.3d 1111, 1122 (9th Cir.

2020).   Courts adjudicating right of publicity claims regularly reject comparisons to

*IMDb.com*. *See, e.g.*, *Lukis v. Whitepages Inc.*, 542 F. Supp. 3d 831, 843 (N.D. Ill. 2020);

*Camacho v. Control Grp. Media Co., LLC*, 2022 WL 3093306, at *19 (S.D. Cal. July 18,

2022); *Boshears v. PeopleConnect, Inc.*, 2022 WL 888300, at *7 (W.D. Wash. Mar. 25,

2022) (J. Pechman), *overruled in part on separate grounds*, *Boshears v. PeopleConnect,

Inc.*, 2023 WL 4946630 (9th Cir. Aug. 3, 2023).   And *Makaeff v. Trump Univ., LLC*

concerned statements warning consumers about deceptive business practices, as

Defendant admits—but no such ratings, reviews, or other "expression[s] of opinion" are

---

[1] Defendant states that "UPEPA's public-concern provision is materially the same as its counterpart in the predecessor statute." Mot. at 7 n.1. That is simply not accurate. UPEPA's "public-concern" provision additionally requires the exercise of a constitutional right, such as freedom of speech. RCW 4.105.010(2)(c). No such requirement was present in the previous version of the Washington anti-SLAPP statute. *See* RCW 4.24.525(2)(d) (repealed). The standards therefore are not "materially the same"—and far from it. *Cf.* Mot. at 7 n.1.

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 15
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1    at issue here.  *See* Mot. at 8; 715 F.3d 254, 262 (9th Cir. 2013); Compl. at ¶¶ 129, 145

2    (specifically disclaiming any theory to that effect).  Defendant's other cases in this

3    section also concern expressions of consumer sentiment and are inapposite for the same

4    reason.  *See* Mot. at 8 (collecting cases.)

5        Nevertheless, California and Washington's anti-SLAPP statutes *do* share a

6    similar framework.  *Compare* Cal. Civ. Proc. Code § 425.16 *with* RCW 4.105.  This gives

7    comparable cases decided under California's anti-SLAPP statute some salience with

8    respect to UPEPA.  Defendant, however, declines to mention how California courts

9    have resolved anti-SLAPP motions brought against analogous right of publicity claims.

10   Unsurprisingly, those motions have been denied.

11       In *Martinez v. ZoomInfo Technologies, Inc.*, for example, the court considered

12   right of publicity claims brought under California law concerning a "profile" page

13   published by the defendant.  2022 WL 1078630, *1 (W.D. Wash. Apr. 11, 2022)

14   (Pechman, J.).  The defendant filed an anti-SLAPP motion arguing that the "profile"

15   page was protected, non-commercial speech.  *See id*. at *7.  The court denied the motion,

16   holding that (1) the page was commercial speech and (2) the page did not address a

17   matter of public interest.  *Id*.  Thus, the action fell outside the scope of California's anti-

18   SLAPP statute for two independent reasons.  *Id*.

19       Similarly, in *Spindler v. Seamless Contacts*, the plaintiff brought right of

20   publicity claims alleging a company used his protected attributes on a "profile" page to

21   promote its own products.  2022 WL 16985678, *1 (N.D. Cal. Oct. 24, 2022).  The

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 16
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1    defendant brought a special motion under California's anti-SLAPP statute. *Id.* The

2    court similarly found that the page was "commercial speech, which necessarily makes

3    it a matter of private interest rather than public interest." *Id.* at *6. It likewise denied

4    the anti-SLAPP motion. *Id.*

5        As in *Martinez* and *Spindler*, Plaintiff Concannon's name and identity are used

6    on a "profile page" to advertise the publisher of that page's own products and services.

7    Compl. at ¶¶ 52-75. His claims are "based on" Defendant's commercial use of his

8    protected characteristics in this manner. *See* RCW 4.105.010(2)(c). Defendant's

9    UPEPA Motion should be denied because Plaintiff Concannon's claims are not "based

10   on" Defendant's exercise of "freedom of speech." *See* RCW 4.105.010(2)(c); *see also infra*

11   at 21-31 (discussing Defendant's First Amendment arguments).

12       **Second**, Plaintiff Concannon's claims are not "based on" Defendant's speech on

13   a "matter of public concern." RCW 4.105.010(2)(c). Defendant invokes several cases

14   holding that "consumer-facing evaluations of goods and services implicate matters of

15   public concern." Mot. at 7-8 (collecting cases). Those cases are inapposite, however,

16   since Plaintiff Concannon's claims are not "based on" any consumer sentiment, nor any

17   other "expression of opinion." *See* Compl. at ¶¶ 129, 145.

18       Significantly, Plaintiff Concannon does not practice law, nor operate a law firm,

19   nor maintain a bar license—and does not hold out otherwise. Compl. at ¶¶ 67, 122,

20   123. His legal credentials, therefore, are not a "matter of public concern." *See* RCW

21   4.105.010(2)(c). Neither is the remaining information about him on the "profile page,"

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 17
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1  principally, his name and home address. *See*, *e.g.*, *Martinez*, 2022 WL 1078630 at \*1

2  ("[t]here is no evidence to suggest that her persona is a matter of public interest . . . .");

3  *Spindler*, 2022 WL 16985678 at \*6 (similar); *accord Wilson v. Ancestry.com LLC*, 653

4  F. Supp. 3d 441, 459 (S.D. Ohio 2023) (rejecting a right of publicity defendant's reliance

5  on a "public affairs" exception where the plaintiff was not a public figure).[2]

6  Since Defendant has not shown that Plaintiff's Concannon's claims are "based

7  on" Defendant's exercise of "freedom of speech" on a "matter of public concern," its

8  UPEPA Motion should be denied. *See* RCW 4.105.010(2)(c).

## 2. RCW 4.105.010(3)(a)(iii)'s Exception Applies Because Plaintiff's Claims Arise Out of a Communication Related to Defendant's Sale of Products or Services.

11  Even if Defendant meets its burden on the first UPEPA element—which it

12  cannot—the statutory exception contained in RCW 4.105.010(3)(a)(iii) carries Plaintiff

13  Concannon's claims outside UPEPA's scope. *See* RCW 4.105.060(1)(b). Under that

14  exception, UPEPA does not apply to a claim brought "[a]gainst a person primarily

15  engaged in the business of selling or leasing goods or services if the cause of action

16  arises out of a communication related to the person's sale or lease of the goods or

17  services." RCW 4.105.010(3)(a)(iii). That aptly describes the claims here.

18  *First*, Plaintiff Concannon's claims are brought against a person "primarily

19  engaged in the business of selling . . . goods or services." *See id*. As alleged in the

---

[2] Defendant makes no argument that the separate "Claim Your Free Profile" page, which uses Plaintiff Concannon's name and identity to advertise Defendant's marketing services, speaks on any "matter of public concern." *See generally* Mot.; Compl. at ¶¶ 59-61.

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 18
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

Complaint, Defendant is a "corporation" that "sells" a "suite of marketing tools designed for attorneys." Compl. at ¶¶ 10, 34; *see also id.* at ¶ 40 (noting that paid subscriptions begin at $399 per month). The first clause of RCW 4.105.010(3)(a)(iii) is therefore satisfied.

**Second**, Plaintiff Concannon's claims "arise[] out of [] communication[s] related to" Defendant's sale of its "goods or services." *See* RCW 4.105.010(3)(a)(iii). Defendant uses Plaintiff Concannon's name and identity "to advertise Defendant's own products and services, including Defendant's attorney referral platform and marketing tools." *Id.* at ¶ 27; *see also id.* at ¶¶ 44, 59-61. The second clause of RCW 4.105.010(3)(a)(iii) is therefore also satisfied.

At least once before, this Court has found that RCW 4.105.010(3)(a)(iii) applies to similar right of publicity claims. In *Boshears*, the plaintiff sued a website operator for using his name and image to advertise subscriptions to Classmates.com. 2022 WL 888300 at *1. His claim centered on a webpage which displayed his name and photograph and featured a "pop-up window" encouraging users to register for a "free account." *Id.* "Once a visitor obtain[ed] an account, they [were] then directed to a separate screen offering access to the subscription services for a fee ranging from $3/month to $1.50/month depending on the subscription term." *Id.*[3]

---

[3] This is similar to Plaintiff Concannon's allegations that Defendant used his protected attributes to advertise, *inter alia*, free accounts which, once claimed, expose the user to advertising for paid subscriptions. *See, e.g.*, Compl. at ¶ 61 ("After a person 'claims' a profile, Defendant markets paid subscriptions to them.").

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 19
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1    The defendant in *Boshears* filed a UPEPA motion. *Id.* at \*7. Judge Pechman

2    denied the motion, finding that the RCW 4.105.010(3)(a)(iii) exception applied. *Id.*

3    This Court rejected the defendant's argument that "its conduct falls outside this

4    exception because it is selling yearbooks and because it maintains a database of

5    yearbooks that courts have found to be protected non-commercial speech." *Id.*   This

6    argument, the Court wrote, "ignores the allegations" in the complaint, which

7    challenged the "use" of the protected attributes "to advertise its subscription services,

8    which is purely commercial." *See id.* at \*7. The very same analysis holds here.

9    Finally, RCW 4.105.010(3)(b)(ii) does not apply. That provision exempts from

10   RCW 4.105.010(3)(a)(iii) any action "related to the communication, gathering,

11   receiving, posting, or processing of consumer opinions or commentary, evaluations of

12   consumer complaints, or reviews or ratings of businesses." RCW 4.105.010(3)(b)(ii). As

13   emphasized, the Complaint's claims do "not arise from *or relate to* any rating(s),

14   review(s), or other expression of opinion appearing on Plaintiff Concannon's Profile

15   Page." *See* Compl. at ¶¶ 129, 130 (emphasis added); *see also Call v. Volkswagen Grp.*

16   *of Am., Inc.*, 2016 WL 9224045, at \*3 (W.D. Wash. Mar. 31, 2016) (a plaintiff is the

17   "master of his complaint" and "may allege [his or her own] theory of recovery").

18   Defendant's UPEPA Motion should be denied because the statutory exception in

19   RCW 4.105.010(3)(a)(iii) encompasses Plaintiff Concannon's claims.

20

21

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 20
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**B.    Defendant's Commercial Use of Plaintiff's Name and Identity is Not Protected by the First Amendment.**

The First Amendment does not protect Defendant's misappropriation of Plaintiff Concannon's name and identity for the commercial purpose of advertising its own products and services for at least three reasons.

***First***, Defendant's First Amendment argument is an affirmative defense. Courts considering the same defense in analogous right of publicity cases regularly decline to reach the issue at such an early stage.  For example, in *Siegel v. Zoominfo Techs., LLC*, the court wrote:

> ZoomInfo's First Amendment argument more appropriately represents an affirmative defense. . . . At this juncture, consideration of this defense requires an analysis of evidence and issues that is not possible or appropriate at the motion to dismiss stage.  The Court therefore denies ZoomInfo's motion to dismiss on this basis.

2021 WL 4306148, at *4 (N.D. Ill. Sept. 22, 2021).  Similarly, in *Green v. Datanyze, LLC*, the court held that the defendant's "First Amendment argument raises issues of fact and the Plaintiffs have not pleaded themselves out of court, [so] the Court declines to consider Datanyze's First Amendment defense at this juncture."  2024 WL 168123, at *4 (N.D. Ill. Jan. 16, 2024).  So, too, in *Hoffower v. Seamless Contacts, Inc.*, where the court characterized a First Amendment argument as "an affirmative defense whose elements are *not* all established by the complaint" and concluded "[t]hus dismissal under Rule 12(b)(6) would be inappropriate."  2022 WL 17128949, at *2 (N.D. Ill. Nov. 22, 2022) (emphasis in original).  The same result should hold here, where the record has not been developed through any discovery process, and the Complaint plausibly

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 21
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

alleges Defendant's commercial use of Plaintiff Concannon's name and identity. *See, e.g.*, Compl. at ¶¶ 3, 115, 136.

**Second**, Defendant's purported republishing of publicly available information does not automatically confer First Amendment protection. *See* Mot. at 9-10. Holding otherwise would essentially eliminate the right of publicity.

In this era, everyone's name is publicly available. Almost everyone's image is similarly accessible. Other personally-identifying information, like home addresses, can be easily obtained from public sources.

Yet, the right of publicity remains. It is not Defendant's republishing of public information that underlies Plaintiff Concannon's claims. It is Defendant's *use* of his name and identity to advertise its own products and services. That is decidedly *not* protected by the First Amendment.

Many courts have recognized this distinction. For example, in *Boshears* the defendant argued that the plaintiff attacked its "dissemination of yearbook excerpts on a free, publicly accessible database." 2022 WL 888300 at *10. That defendant cited authority holding that republishing yearbooks is constitutionally protected. *Id*. But this Court recognized that "what Boshears seeks to stop is Classmates['s] use of his likeness to advertise its subscription services," not the publication of the information. *Id*. It therefore held that the First Amendment did not apply. *Id*. at *10.

Similar rulings abound in right of publicity cases considering the First Amendment. For example, in *Krause v. RocketReach, LLC*, the court wrote that

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 22
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1    "plaintiff's IRPA claim does not challenge her inclusion in defendant's 'directory,' but

2    rather asserts that defendant's use of her identity without her consent to entice

3    customers to purchase its subscription service is prohibited by the statute."  561 F.

4    Supp. 3d 778, 783 (N.D. Ill. 2021) (discussing a First Amendment defense).  That is

5    directly on point here.  The court denied the motion to dismiss.  *Id.*  Similarly, In

6    *Knapke v. PeopleConnect Inc.*, this Court noted:

> The use of Knapke's image and name is alleged to be done for the purpose
> of enticing viewers into buying or subscribing to Classmates' products and
> services.  The challenged conduct is not the offer of access to yearbooks or
> even buying reprinted copies.

9    553 F. Supp. 3d 865, 879 (W.D. Wash. 2021) (J. Pechman) (denying a motion to dismiss

10   predicated on the First Amendment), *overruled in part on separate grounds*, *Knapke v.*

11   *PeopleConnect, Inc.*, 38 F.4th 824 (9th Cir. 2022).  That is similarly apropos—Plaintiff

12   Concannon does not challenge the publication of information about him, but rather the

13   use of his name to entice customers.  *See* Compl. at ¶¶ 52-75.  Many other cases are in

14   accord.  *See, e.g.*, *Mackey v. PeopleConnect, Inc.*, 2023 WL 2561621, at *11 (N.D. Ill.

15   Mar. 17, 2023) ("Mackey does not object to PeopleConnect's sale of republished

16   yearbooks or excerpts from those yearbooks. He claims that Classmates.com has

17   misappropriated his likeness with the aim of selling its subscription services."); *Wilson*,

18   653 F. Supp. 3d at 459 (similar); *Kolebuck-Utz v. Whitepages Inc.*, 2021 WL 1575219,

19

20

21

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 23
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1    at *3 (W.D. Wash. Apr. 22, 2021) (J. Coughenour) (similar); *Camacho*, 2022 WL

2    3093306 at *19 (similar and distinguishing several cases cited by Defendant).[4]

3    Defendant's liability here does not arise from its republishing of publicly

4    available information. Its liability arises from Defendant's *use* of Plaintiff Concannon's

5    protected attributes to advertise its own products and services. That is a different

6    activity—which is *not* protected by the First Amendment.

7    **Third**, Plaintiff Concannon plausibly alleges that the pages misappropriating

8    his name and identity are commercial speech.[5]

9    According to the Supreme Court, the "core notion" of commercial speech "does no

10    more than propose a commercial transaction." *Bolger v. Youngs Drug Prods. Corp.*, 463

11    U.S. 60, 66 (1983) (cleaned up). However, the commercial speech doctrine is broader

12    than this "core notion." *Id.* When assessing "mixed-content publications," which

13    include "components of both commercial and noncommercial speech," courts must

14    consider "the nature of the speech taken as a whole." *Dex Media W., Inc. v. City of*

15    *Seattle*, 696 F.3d 952, 957 (9th Cir. 2012) (citing *Bolger*, 463 U.S. at 67). In conducting

16    that analysis, courts utilize the three *Bolger* factors: (i) the "advertising format," (ii)

17

18    [4] The Supreme Court has held that imposing liability for right of publicity violations does not
     offend the First Amendment. *See Zacchini v. Scripps-Howard Broad. Co.*, 433 U.S. 562, 575–

19    77 (1977).

20    [5] Defendant advances no argument that the pages would be constitutionally protected if they
     are understood as commercial speech. *See generally* Mot. Plaintiff Concannon therefore

21    confines his response to showing that the pages are commercial speech, given that Defendant
     apparently concedes that plausible allegations to that effect would defeat its First Amendment
     argument. *See, e.g., Krause,* 561 F. Supp. 3d at 784 n.2.

22

Plaintiff's Opposition to Defendant's Special                    HEDIN LLP
Motion and Motion to Dismiss - 24                    1395 Brickell Avenue, Suite 610
(Case No. 2:25-cv-00868-JHC)                              Miami, Florida 33131
                                                          (305) 357-2107

1   any "reference to a specific product," and (iii) the "underlying economic motive of the

2   speaker." *Assoc. of Nat'l. Advertisers, Inc. v. Lungren*, 44 F.3d 726, 728 (9th Cir. 1994)

3   (citing *Bolger*, 463 U.S. at 66).

4        The pages published by Defendant are "mixed-content publications" requiring

5   application of the *Bolger* factors.  *See Dex Media*, 696 F.3d at 957.  They both: (1)

6   advertise Defendant's products and services, and (2) provide limited non-commercial

7   information.  This is demonstrated by the screenshot below:

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 25
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107



Compl. at ¶ 62; *see also id.* at ¶¶ 59, 70 (depicting additional promotions). As shown, this page advertises both Defendant's (1) suite of marketing tools (e.g., "Is this your profile? Claiming it is free and only takes two minutes.") and its (2) attorney referral platform (e.g., "Looking for an attorney? Avvo can help."). *Id.* It also provides limited

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 26
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1   information about Plaintiff Concannon.  *Id.*  Clearly, the pages include "components of

2   both commercial and noncommercial speech."  *See Dex Media*, 696 F.3d at 957.

3   Consideration of the *Bolger* factors is required.  *See id.*

4       The *Bolger* factors provide "strong support" that Plaintiff Concannon's pages are

5   commercial speech.  *See Hunt v. City of Los Angeles*, 638 F.3d 703, 715 (9th Cir. 2011).

6   Under the first factor, the pages are plainly alleged to be advertisements.  *See* Compl.

7   at ¶ 74 (alleging the "profile page" is a "singular publication" which uses Plaintiff

8   Concannon's "name and identity for the purpose of advertising and promoting

9   Defendant's own products and services.").  This accords with *Bolger* itself, where the

10  Supreme Court considered "informational pamphlets" published by a manufacturer of

11  contraceptives.  *See* 463 U.S. at 62.  One was an eight-page discussion of the dangers

12  of venereal disease.  *Id.* at 62 n.4.  It only identified the manufacturer or its products

13  "at the bottom of the last page of the pamphlet," which stated that the pamphlet was

14  "a public service by Youngs, the distributor of Trojan-brand prophylactics."  *Id.*  Yet,

15  the pamphlet was easily recognized as an advertisement.  463 U.S. at 66-67.  There are

16  comparably far more (and more conspicuous) promotions for Defendant's products on

17  the pages challenged here.  *See* Compl. at ¶¶ 59, 62, 70, 74.

18      Many courts have concluded that analogous online "profiles" are advertisements.

19  For example, in *Gabiola* the plaintiff brought right of publicity claims over a website

20  that displayed mugshots and offered to remove them for a fee.  2017 WL 4264000 at *5.

21  The defendant raised a First Amendment defense.  *Id.*  The court found the mugshots

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 27
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

were advertisements under *Bolger*. *Id*. ("the mugshots themselves are advertisements for the removal service. . . ."); *see also Krause*, 561 F. Supp. 3d at 784 (rejecting Defendant's precise argument that the "database is merely a 'directory' that 'does not propose a commercial transaction' and is entitled to full First Amendment protection."); *Kolebuck-Utz*, 2021 WL 1575219 at *3; *Camacho*, 2022 WL 3093306 at *19; *Boshears*, 2022 WL 888300, at *10-*11. The same result should hold here.

The second *Bolger* factor, reference to a specific product, also weighs strongly in favor of commercial speech. A comparison with *Dex Media*—a case Defendant repeatedly relies upon—makes this clear. *See* Mot. at 11. In *Dex Media*, the Ninth Circuit found that the second *Bolger* factor cut against commercial speech because there was "no clear link" between the commercial and non-commercial speech in a phonebook. 696 F.3d at 959 ("nor does the noncommercial speech necessarily reference any of the products in these advertisements."). This, the Ninth Circuit wrote, was "qualitatively different from an advertising leaflet put forth by an *individual merchant* to tout *only its own products* . . . " *Id*. (emphasis in original) (cleaned up).

Unlike in *Dex Media*, there is a "clear link" between the commercial and non-commercial speech on the pages. *Cf. Dex Media*, 696 F.3d at 959. For example, the "profile page" displays Plaintiff Concannon's name and, in immediately adjacent text, says: "is this **your** profile?" Compl. at ¶ 54 (emphasis added). *Id*.; *see also id*. at ¶ 59. It then encourages him to "claim" his profile and provides a "Claim Profile" button. *Id*. Thus, one of the products being advertised is a "profile" corresponding to Plaintiff

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 28
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1    Concannon's personal identity that Defendant has pre-published.  *See id.*  It would be

2    hard to establish a more precise "link" between commercial and non-commercial speech

3    than that.  *Cf. Dex Media*, 696 F.3d at 959.

4        There is also a "clear link" between the non-commercial speech and the attorney

5    referral platform.  *See Dex Media*, 696 F.3d at 959.  Defendant promotes the platform

6    on the page to suggest that consumers can use it to connect with Plaintiff Concannon

7    or attorneys with similar attributes.  Compl. at ¶¶ 62, 63, 70.  Indeed, the "search" bars

8    in the "Search our directory" promotion are pre-populated with Plaintiff Concannon's

9    purported practice area ("Litigation") and his home location ("Rockville, IL").  *See*

10   Compl. at ¶ 62.  That is another "clear link" between commercial and non-commercial

11   speech on the page.  *See, e.g.*, *Bolger*, 463 U.S. at 62–63 (discussion of family planning

12   was clearly linked to the advertiser's promotion of contraceptives in the informational

13   pamphlet); *Bd. of Trs. of State Univ. of N.Y. v. Fox*, 492 U.S. 469, 474 (1989) (non-

14   commercial speech discussing home economics was related to the advertisements of

15   housewares).

16       The pages published by Defendant also refer to specific products.  They advertise

17   both Defendant's marketing services and its attorney referral platform.  *See* Compl. at

18   ¶¶ 59, 62, 70.  Taken together, the fact that Defendant promotes its own products on

19   the pages, the "clear link" between the commercial and non-commercial speech, and

20   the references to specific products indicate that the second *Bolger* factor weighs

21   strongly in favor of commercial speech.

22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 29
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

The third *Bolger* factor undoubtedly indicates commercial speech. The very existence of Defendant's promotions for its own products on the pages confirms its economic motivation. *See* Compl. at ¶¶ 52-75. This is buttressed by the allegations regarding the SEO techniques, the links routing into Defendant's sales pipeline, the revenue generated from the pages, and Defendant's own words attesting to the commercial value of the pages. *See* Compl. at ¶¶ 55-93. Defendant does not contest its economic motivation for publishing the pages. *See generally* Mot.

Defendant provides no analysis of the *Bolger* factors. Instead, it leans upon an analogy to news media cases. *See* Mot. at 9-10 (collecting cases). That analogy is not persuasive. For one thing, there is nothing newsworthy about the non-commercial information on either of Plaintiff Concannon's pages. *See, e.g.*, *Boshears*, 2022 WL 888300 at *5 ("Classmates' use of Boshears' personality to advertise its subscription service is not newsworthy."); *Wilson*, 653 F. Supp. 3d at 459 (similar); *Fry v. Ancestry.com Operations Inc.*, 2023 WL 2631387, at *9 (N.D. Ind. Mar. 24, 2023) (similar). For another, the First Amendment analysis is fundamentally different because this case concerns only Defendant's advertising for its *own* products and services. *See supra* at 28-30.[6]

---

[6] Nor is this case analogous to *Nieman v. VersusLaw, Inc.*, which considered the publication of "judicial records" and did not even address a theory of how the plaintiff's name may have been used to advertise anything. 512 F. App'x 635, 636 (7th Cir. 2013). Additionally, *Nieman* is regularly distinguished by analogous right of publicity cases. *See, e.g.*, *Camacho*, 2022 WL 3093306 at *19 (distinguishing *Nieman*); *Krause*, 561 F. Supp. 3d at 784 (same); *Gabiola*, 2017 WL 4264000, at *5 (same).

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 30
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

By contrast, a veritable mountain of right of publicity cases confirms that the pages at issue here are commercial speech under *Bolger*.  For example, in *Kolebuck-Utz*, this Court succinctly applied the three *Bolger* factors and concluded that similar "profiles" constituted commercial speech.  2021 WL 1575219 at *3 (W.D. Wash. Apr. 22, 2021).  In *Krause*, the court found that online "profiles" were commercial speech using the three *Bolger* factors.  561 F. Supp. 3d at 784.  In *Knapke*, this Court wrote:

> Knapke expressly does not challenge the sale of her information in the yearbooks.  Rather, she seeks to prevent the commercial use of her images to sell access to yearbooks and other subscription services to connect old classmates.  That is commercial speech.

553 F. Supp. 3d at 879 (emphasis added) (denying a motion to dismiss and applying the *Bolger* factors).  In *Camacho*, the court utilized the *Bolger* factors and found that the "profile" page's "characteristics in their totality" reflected commercial speech.  2022 WL 3093306 at *19.  In *Boshears*, this Court reached the same conclusion using the same methodology with respect to similar pages.  2022 WL 888300, at *10-*11.   And so on.  *See, e.g.*, *Kellman v. Spokeo, Inc.*, 599 F. Supp. 3d 877, 901 (N.D. Cal. 2022) (denying a motion to dismiss "profile"-based right of publicity claims after applying the *Bolger* factors); *Gaul v. Truth Now, LLC*, 2022 WL 3647257, at *9 (C.D. Ill. Aug. 24, 2022) (same); *Gabiola*, 2017 WL 4264000, at *5 (same).

Plaintiff Concannon has plausibly alleged that the pages published by Defendant are commercial speech.  *See Bolger*, 463 U.S. at 66-67.  Defendant's Motion, both under UPEPA and Rule 12(b)(6), should be denied for that reason.

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 31
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1

2

### C.    Plaintiff Has Stated a Claim Under Both Right of Publicity Statutes.

3

Plaintiff Concannon has stated claims for relief by plausibly alleging each

4

element of a violation under the WPRA and IRPA.  The Motion should be denied.

5

Under Rule 12(b)(6), Defendant argues that  Plaintiff Concannon has not alleged

6

that his identity is used for a commercial purpose.[7]  Mot. at 13-15.  Defendant advances

7

this argument despite the Complaint's well-pled allegation that the "profile page"

8

functions as a "singular publication which uses Plaintiff Concannon's name and

9

identity for the purpose of advertising and promoting Defendant's own products and

10

services." *Id.* at ¶ 74.  That is not akin to a "name and photo appear[ing] in a Facebook

11

group," nor an Amazon page displaying advertisements next to a book cover, nor a

12

television program depicting a traffic stop.  *Cf.* Mot. at 13-15 (citing *D'Ambrosio v.*

13

*Rajala*, --- F. Supp. 3d ---, 2025 WL 1383286, at *4 (N.D. Ill. May 13, 2025); *Hart v.*

14

*Amazon.com, Inc.*, 2015 WL 8489973, at *7 (N.D. Ill. Dec. 8, 2015); *Best v. Berard*, 776

15

F. Supp. 2d 752, 756 (N.D. Ill. 2011)).  It more closely resembles the many right of

16

publicity cases involving online "profile" pages.  *See supra* at 31-32 (collecting cases).

17

Defendant's commercial use of Plaintiff Concannon's name and identity is

18

succinctly demonstrated by the "clear link" between those attributes and the products

19

and services promoted on the pages.  *See supra* at 29.  For example, the pages advertise

20

21

22

---

[7] As a threshold matter, Defendant's reliance on statutory exemptions is "in the nature of an affirmative defense, and does not support dismissal unless the complaint itself facially establishes each element of the defense."  *See Krause*, 561 F. Supp. 3d at 782.

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 32
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

a "profile" which corresponds specifically to Plaintiff Concannon's identity. *See id.* When someone "claims" a profile, they receive ads for Defendant's paid subscription tiers. Compl. at ¶ 61. Defendant has gained "paying subscribers" in this manner. *Id.* at ¶¶ 58, 61. These allegations easily defeat Defendant's commercial use arguments, especially at the pleading stage. *See, e.g.*, *Krause*, 561 F. Supp. at 782 (denying a motion to dismiss premised on Section 35(b)(2) of the IRPA); *Lukis*, 454 F. Supp. 3d at 760-762 (discussing the IRPA's "commercial purpose" element and Section 35(b)(2) and denying a motion to dismiss premised on both); *Gabiola*, 2017 WL 4264000 at *6 (finding IRPA's commercial purpose element sufficiently alleged in an action concerning a mugshot removal service); *Mackey*, 2023 WL 2561621 at *9 (similar).

Defendant further uses Plaintiff Concannon's name and identity to advertise its attorney referral platform. *See supra* at 29. That this product is free to consumers is immaterial. *See* Mot. at 14 (attempting to distinguish the "free preview" cases because Defendant's directory is not behind a "paywall"); *but see* Compl. at ¶ 35 (describing Defendant's "two-sided platform"). Surely, Meta Platforms, Inc. cannot use someone's name, image, or likeness to advertise Facebook without their consent simply because Facebook is free to consumers. *See, e.g.*, *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 796-809 (N.D. Cal. 2011) (denying a motion to dismiss right of publicity claims against Facebook, Inc.);[8] *see also Boshears*, 2022 WL 888300 at *1 (denying a motion to dismiss

---

[8]  In *Fraley*, the court also noted that the "specificity of [p]laintiffs' allegations distinguishes this case" from two previous, unsuccessful right of publicity cases against the same defendant and it denied the motion to dismiss without deference to those cases.  830 F. Supp. 2d at 809.

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 33
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

where the plaintiff alleged the his profile page featured a "pop-up window" that encouraged users to register for a "free account"). Otherwise, some of the world's largest companies would be categorically unbound from respecting the right of publicity. *See* Compl. at ¶ 35 n.8.

Even on Defendant's own theory that the pages are not advertisements, its commercial use defenses fail. Plaintiff Concannon alleges that his protected characteristics are incorporated into advertisements even *within* the pages. *See, e.g.*, *supra* at 3-4; Compl. at ¶¶ 54, 59-61. Defendant ignores these allegations, but cannot erase them from the Complaint. *See* Mot. at 15 ("Plaintiff does not allege (nor could he allege) that Avvo used his name or likeness in an advertisement."); *see, e.g.*, *Gabiola*, 2017 WL 4264000 at *5 (plaintiff suing over a mugshot removal service stated a claim under the IRPA); *accord Bilotta v. Citizens Info. Assocs., LLC*, 2014 WL 105177, at *1 (M.D. Fla. Jan. 10, 2014) (same under Florida's right of publicity law).

Plaintiff Concannon has stated a claim under both the WPRA and IRPA by plausibly alleging each element of an offense, including commercial use of his protected attributes. The Rule 12(b)(6) Motion should be denied.

### D.    The Court Should Award Plaintiff's Attorneys' Fees.

Finally, the Court should award Plaintiff Concannon his attorneys' fees and costs incurred in opposing Defendant's Motion. Under UPEPA, the Court may award fees to a party opposing a UPEPA motion which "was not substantially justified or filed solely with intent to delay the proceeding." RCW 4.105.090(2). Defendant's UPEPA

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 34
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

Motion is not substantially justified because, *inter alia*, it turns on a theory of liability expressly disclaimed in the Complaint. *See, e.g.*, Compl. at ¶¶ 129, 145 ("Plaintiff Concannon's [] claim does not arise from or relate to any rating(s), review(s), or other expression of opinion appearing on Plaintiff Concannon's Profile Page.").

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied.


Dated:  September 26, 2025        Respectfully submitted,

By:    */s/ Nick Major*

**NICK MAJOR LAW**
NICK MAJOR
450 Alaskan Way S. #200
Seattle, WA 98104
Telephone: (206) 410-5688
E-Mail: nick@nickmajorlaw.com

**HEDIN LLP**
Frank S. Hedin (*pro hac vice*)
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinllp.com

**HEDIN LLP**
Tyler K. Somes (*pro hac vice*)
1100 15th Street NW, Ste 04-105K
Washington, DC 20005
Telephone: (202) 900-3331
Email: tsomes@hedinllp.com

*Counsel for Plaintiff and the Putative Class*

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 35
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107

1
2
3

## **WORD COUNT**

4

I certify that this memorandum contains 8,204 words in compliance with the

5

6

Local Rules.

7

DATED this 26th day of September, 2025.

8

9

*/s/ Tyler K. Somes*
Tyler K. Somes

10
11
12
13
14
15
16
17
18
19
20
21
22

Plaintiff's Opposition to Defendant's Special
Motion and Motion to Dismiss - 36
(Case No. 2:25-cv-00868-JHC)

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
(305) 357-2107